LOOP vs. CHAMBERLAIN.

Where a plaintiff enters into a stipulation with the defendant, which is sufficient to prevent his recovering in the action, it is not error for the court to allow the stipulation to be read before the plaintiff's evidence is received, and thereupon to render a judgment of nonsuit.

A contractor to build a railroad, who enters upon land for that purpose without the owner's consent, is liable to the owner in an action of trespass, if the company for which he builds has never acquired a right to use the land for its road.

To maintain his action, it is not necessary that the owner of the land should have *forbidden* the contractor to construct such road upon it.

This court will not sustain a judgment of nonsuit in such a case, if otherwise erroneous, on the ground that the claim was *stale*, if the action was brought within the time allowed by statute.

A complaint alleged that on &c., the defendant, without leave and wrongfully, entered upon the plaintiff's close, broke up the land, graded and prepared it for a railroad, constructed the road thereupon, appropriated the land to the use of such road, and entirely deprived the plaintiff of the use and enjoyment thereof, for a certain length of time, to his damage in the sum of &c. *Held*, that the complaint showed a cause of action in trespass, and that it was not a proceeding to obtain compensation for the land.

APPEAL from the Circuit Court for *Columbia* County.

The complaint in this action alleged, in substance, that during the months of June, July, August and September, 1856, the defendant, by himself, his workmen &c., without leave and wrongfully, entered upon certain land in which the plaintiff had an undivided interest, and broke up said land, and proceeded to locate a railroad over it, and graded and prepared a railroad track thereon, and rendered the whole of said land worthless to the plaintiff. For a further cause of action, it

avers that at divers times during the months of October, November and December, 1856, and January and February, 1857, the defendant again wrongfully entered upon said land and constructed a railroad across it, ran trains over the road, and hindered the plaintiff from any use of the premises. For a further cause of action, it avers that on the 30th of September, 1857, the defendant again wrongfully entered on said land, and continued thereafter, until June 1, 1860, to run trains of cars over the same upon said road, and also used said land for a wood yard, and deprived the plaintiff of all use thereof. The complaint then avers that, by reason of said several acts of the defendant, the plaintiff had been damaged to the amount of $1200.

The answer alleges that the defendant and one Alden, before the month of June, 1856, entered into a contract with the La Crosse & Milwaukee Railroad Company, to construct a part of its road from Beaver Dam to the depot in the city of Portage ; that the route of said road had been located over the land described in the complaint by the board of directors of said company, with the license of the plaintiff; that in pursuance of their contract defendant and Alden entered upon the land to make said road; and that they constructed it upon the line adopted by said directors. It then sets up the provisions of chapter 280, Private Laws of 1856, amendatory of the charter of said company; alleges that commissioners were appointed by the supreme court or a judge thereof pursuant to the provisions of that act, to appraise lands over which the road of said company was located, and the owners of which would not agree to the valuation thereof made by the company; and insists that the plaintiff's only remedy is by a proceeding against the company under the provisions of that act.

Afterwards the parties stipulated that "the defendant, as contractor under the La Crosse & Milwaukee Railroad Company, built a railroad across the land mentioned in the complaint, and operated the same, by virtue of an instrument of lease or

mortgage under the said railroad company, until June, 1860." They also stipulated "that that portion of the La Crosse & Milwaukee Railroad which is upon the land described in the complaint, was built where the same was determined and located by the chief engineer of the La Crosse & Milwaukee Railroad Company, and in accordance with the resolution adopted by the board of directors of said company."

On the trial, the defendant objected to the admission of any evidence on the part of the plaintiff, on the ground that it appeared from the pleadings and stipulations in the action, that the injuries complained of were committed by the defendant as contractor under the La Crosse & Milwaukee R. R. Co., and therefore this action could not be maintained against him, but the statutory remedy must be pursued. The plaintiff objected to the reading of said stipulations at that time, on the ground that he had a right to proceed in the cause without interruption from the defendant. The objection was overruled, and the stipulations read; and thereupon the court held that the action could not be maintained, and directed a judgment of nonsuit to be entered. The plaintiff afterwards moved to set aside the judgment, and for a new trial; and appealed from an order denying the motion, and from the judgment.

*D. J. M. Loop* and *Alva Stewart*, for the appellant, insisted that the stipulations relied upon by the defendant were intended simply to supply the place of other evidence as to particular points in the answer, and the defendant was not entitled to introduce that evidence until the plaintiff's evidence was all in; and that the defendant could not interrupt the plaintiff at that stage of the action except for the purpose of making the objection that the *complaint* did not state a cause of action. *Howland v. Jenks*, 7 Wis., 57; *Fisher v. Fisher*, 5 id., 472; *Morrow v. Lawrence*, 7 id., 581. 2. That the plaintiff's justification under the charter of the railroad company was bad, because the charter was unconstitutional, and because the answer

did not show a strict compliance with it, so as to give the company a right to use the plaintiff's land. On the latter point they argued that the answer should show an offer of compensation by the railroad company to the plaintiff; his refusal to accept it; an application, based thereon, to this court or a judge thereof, on a published notice, for the appointment of commissioners; an award of said commissioners on due notice to the plaintiff; and *payment* of the award. Chap. 280, Pr. Laws of 1856; *Lyon vs. Jerome*, 26 Wend., 485; *Bloodgood v. M. & H. R. R.*, 18 id., 41, 42; *Williams v. N. Y. Central R. R. Co.*, 16 N. Y., 97; *Mahon v. The Same*, 24 id., 658; Redfield on Railways, 174, § 2. The appropriation and use of the land previous to payment or tender of the compensation, is a trespass. *Cushman v. Smith*, 34 Me., 247; *Hall v. Pickering*, 40 id., 549; *Bensley v. Mountain Lake Water Co.*, 13 Cal., 307; *McCauley v. Weller*, 12 id., 500; *Norton v. Peck*, 3 Wis., 714; *Powers v. Bears*, 12 id., 213; *Doughty v. Hope*, 1 Coms., 79; *Cruger v. H. R. R. R. Co.*, 2 Kern., 190.

*Emmons Taylor* and *G. C. Prentiss*, for respondent:

This action is prosecuted for the purpose of obtaining *compensation* for the loss which the plaintiff has sustained by the entire destruction of the land described in the complaint, by " entering upon it," " *locating* and building a railroad thereon," and using it for railroad purposes. Compensation for the taking and using of the land is the real gist of the action. 2. The compensation to which the plaintiff is entitled can be determined only in pursuance of the charter and the acts amendatory thereof. They furnish the *exclusive* remedy. Either party could procure the appointment of and call out the commissioners. Pr. Laws of 1853, ch. 269, sec. 13; Pr. Laws of 1856, ch. 280, secs. 1, 2. The actual taking of the land, against the will of the owner, can only be accomplished by taking the steps prescribed by the statute. But if the owner yields the possession, the company may rightfully take it. The complaint here does not aver that the plaintiff ever made

objection or forbid the defendant from going on the land or possessing it. We claim this as an acquiescence on his part—a voluntary yielding of the possession; and that the company and its contractors might take possession without becoming trespassers. If, however, the plaintiff and the company differed as to the amount of compensation, either party might resort to the statute to have the compensation fixed. The taking being lawful, neither the company nor the contractor committed trespass, and the doctrine as to cumulative remedies does not apply. Pierce on Am. R. R. Law, 168 ; Redfield on Railways, 158, secs. 73–4 ; *Colking v. Baldwin*, 4 Wend, 667 ; *Stowell v. Flagg*, 11 Mass., 364; *Kimble v. Canal Co.*, 1 Ind., 285 ; *Null v. The Same*, 4 id., 432 ; *N. A. R. R. Co. v. Connelly*, 7 id., 35 ; 1 Pick., 430 ; 4 Littell (Ky.), 327, 328 ; *Pettibone v. L. & M. R. R. Co.*, 14 Wis., 443. 3. Counsel contended that under sec. 1, ch. 280, Pr. Laws of 1856, the company were authorized, *at any time* after their route was determined, to take and use any land along the line of said route, not exceeding 100 feet in width, leaving the question of compensation to be subsequently determined, and that a contractor under the company, while acting within the scope of the charter, could not be regarded as a *wrongdoer.* *Rogers vs. Bradshaw*, 20 Johns., 735 ; *Jerome vs. Ross*, 7 Johns. Ch., 343 ; *Wheelock vs. Pratt*, 4 Wend., 649, 650 ; *Bloodgood vs. M. & H. R. R. Co.*, 14 Wend., 51 ; *Vt. Central R. R. Co. vs. Baxter*, 22 Vt., 372 ; Pierce on Am. R. R. Law, pp. 238, 242 ; *Burns vs. Dodge*, 9 Wis., 458. 4. The plaintiff's claim should be discountenanced by reason of its staleness. If, when he first had knowledge of the construction of the road, he had forbidden the defendant's using the land, the latter might have abandoned the work, or procured indemnity from the company : but from his silence the contractor had a right to understand that the appellant looked for compensation to the company, who, by the charter, were declared to be liable for it. *Sheldon v. Rockwell*, 9 Wis.,

166, 181; *Hentz v. L. I. R. R. Co.*, 13 Barb., 647; Walford on Railways, 9, 10; Redfield on Railways, 510.

*By the Court,* COLE, J. If there were any matters in the stipulations which operated as a discontinuance of the suit, or which showed that the action could not be maintained, then perhaps the court might nonsuit the appellant as soon as it appeared that such stipulations had been made in the cause. In such a case, we do not think it would be incumbent upon the court to go into the plaintiff's testimony, when it was obvious he could not recover under any state of proof. It was contended that the plaintiff had the absolute right to introduce his evidence and prove his case, and that he could not be interrupted by the defendant for the purpose of reading the stipulations to the court, whatever those stipulations might have contained. But suppose the stipulations themselves showed that the plaintiff must fail, what possible use or necessity could there be in going through a laborious investigation of the evidence on his part before giving effect to the stipulations? None that we can perceive. In that case, the defendant could doubtless raise the objection *in limine* that the plaintiff had stipulated himself out of court. So that if we were of the opinion that the matters set forth in the stipulations would defeat a recovery, we should not feel warranted in setting aside the nonsuit because they were read to the court at the outset of the trial and before the plaintiff had introduced his evidence. But we do not place any such construction upon the stipulations. They do not show that the plaintiff intended to stipulate himself out of court, but rather that he expected the action would proceed for the damage done to his undivided interest. Nor are there any facts admitted in the stipulations inconsistent with or fatal to the cause of action stated in the complaint, as we understand them. They were obviously drawn up to relieve the parties from the necessity of proving on the trial certain facts which they deemed material to their case.

The action in this case is to recover damages for certain alleged trespasses committed upon the real estate of the plaintiff. It is alleged, in substance, in the complaint, that the defendant, in the months of June and July, 1856, by himself, agents, employees, contractors and workmen, entered upon the close of the plaintiff—describing it—and then and there broke up said tract of land, and proceeded to grade and locate a railroad track thereupon, and appropriated the land to the use of the railroad, and utterly prevented him from the use and enjoyment of it, to his damage of twelve hundred dollars.

There can be no doubt that these allegations show a wrongful and injurious invasion of the property of the plaintiff, for which he is entitled to recover damages. He alleges that the defendant, with his servants and workmen, has entered upon his land, permanently appropriated it for the use of a railroad, and deprived him of the benefit, use and enjoyment of his own property. The trespasses are of so extensive and injurious a character as to almost destroy the value of the estate. Is not a party entitled to a remedy for such injuries? We have no doubt of it, and it has in effect been so decided in several cases which have come before this court.

It is contended, however, that this is not in the nature of an action of trespass *quare clausum* for an unlawful intrusion upon and permanent use of the land of the plaintiff, but is a proceeding to obtain compensation for property taken for the use of the road, and that therefore the nonsuit was right. For it is said, the party, to obtain his compensation for the land taken, must pursue the remedy given by the charter. The reply to this objection has already been given by our saying that the action is, in form and essence, one for a trespass upon the real estate of the plaintiff. It is not a proceeding to obtain compensation for land taken. Such is not the object of the suit. If the plaintiff were seeking compensation for his property taken for the construction of a railroad, then obviously his remedy would be the special one given by the charter. But it

is a suit to recover damages for acts which directly and injuri-ously affect both the possession and title of real estate. For such acts, we suppose, trespass will lie, unless the defendant can show some right or license to enter upon the land, and use and enjoy it for the purpose to which it has been appropriated. No such right or license appears from the stipulations. It is true that it is admitted in the stipulations, that the defendant, as contractor under the La Crosse & Milwaukee Railroad Com-pany, built the railroad across the land mentioned in the com-plaint where it was located by the engineer of the company. But it is very apparent that, unless the company had the right to enter upon the land and permanently appropriate it for the use of its road, it could not give the contractor under it that right. The fact, then, that the defendant committed the tres-passes complained of as contractor of the railroad company, affords no justification, unless the company itself had acquired the right to use the land for the purposes of its road. If the company had acquired the right to use and enjoy the property for its road, it will undoubtedly appear in the proof on the trial. It would be improper to express an opinion in advance upon the question, whether or not the company had taken the steps under its charter necessary to entitle it to enter upon and hold the land for the location and construction of its road; and moreover the defendant does not place his justification upon that ground in the stipulations. And we have now only to consider, whether the nonsuit was right in view of the facts admitted in the stipulations and stated in the complaint.

There is a still further objection taken to the complaint, that it contains no averment whatever that the plaintiff forbid the defendant from building or operating the road over his land. It is alleged that the defendant, with his servants and workmen, "without leave and wrongfully entered into and upon the plaintiff's close," &c. What more was it necessary to aver in the complaint?

Again it is said, the claim of the plaintiff should be dis-

countenanced by reason of its staleness. But manifestly the court cannot sustain the nonsuit on this ground, when the statute permits an action for trespass to real estate to be brought within six years.

As little weight is there in the suggestion, that it was incumbent upon the plaintiff, when he first had knowledge of the construction of the road, to forbid the defendant from using and occupying his land, so that the latter might abandon his work or obtain an indemnity from the company. The plaintiff was not obliged to do any such thing. The defendant entered upon the land at his peril, and it was his duty, before constructing a railroad over it, to see that he had a right to use and occupy the land in the manner he did.

The judgment of nonsuit must be reversed, and the cause remanded for further proceedings according to law.