## LOOP VS. CHAMBERLAIN.

*Railroads—Appropriation of land for track &c.—Liability for trespass, where value not ascertained and tendered.*

1. In this state a railroad company (or persons acting under it) entering upon land and permanently occupying and appropriating it to the use of its railroad, without making compensation therefor (or having its value ascertained as provided by law, and tendering the amount when so ascertained), is liable in trespass for the actual damages, and not merely for nominal damages.

2. The owner of land so entered upon by or for the La Crosse and Milwaukee Railroad Company could not institute proceedings to have the value of the land assessed by commissioners under its amended charter, ch. 280, Laws of 1856; and probably could not do so under the original charter, ch. 198, Laws of 1852.

3. But the land owner not having in fact taken steps to have the value assessed (whether it was or was not in his power to do so), the company was itself bound to take the initiative, and could not acquire a right to permanently appropriate the road without actual payment or tender of compensation.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for a trespass upon land. The substance of the pleadings, and the decision of this court reversing a judgment of nonsuit, will be found in 17 Wis., 504–12. The grounds of the action and defense will also sufficiently appear from the opinion on the present appeal.

Verdict and judgment against the defendant for nominal damages; and the plaintiff appealed.

*D. J. M. Loop* and *Alva Stewart,* for the appellant, as to the proper measure of damages, cited Sedgwick (2d ed.), 29, 134, 135; *Mc Williams v. Bragg,* 3 Wis., 424; 2 Greenl. Ev., 244; *Robbins v. Mil. & Hor. R. R. Co.,* 6 Wis., 636; 4 Chand., 72; 2 Hilliard on Torts (2d ed.), 89.

*John W. Cary,* for respondent:

The plaintiff was entitled to compensation as of the date of the undertaking, viz., to the value of the land at that time, and any additional damages actually sustained. *Robbins v. R. R. Co.,* 6 Wis., 636. This amount, with interest from the taking until payment, he is still entitled to in the proper proceedings. But he cannot recover them in this action. "The mode prescribed by the charter is the only way of arriving at the com-

pensation to be allowed in such cases." *Pettibone v. La Crosse & Mil. R. R. Co.*, 14 Wis., 448; *Ford v. Ch. & N. W. R. R. Co.*, id., 617; *Davis v. La Crosse & Mil. R. R. Co.*, 12 Wis., 16; *Kimble v. Whitewater Valley Canal Co.*, 1 Ind., 285; *Null v. Same*, 4 id., 431; *Calking v. Baldwin*, 4 Wend., 667; *Stowell v. Flagg*, 11 Mass., 364; *New Albany & Salem R. R. v. Connelly*, 7 Ind., 32; *Newcomb v. Smith*, 1 Chand., 71; *Rogers v. Bradshaw*, 20 Johns., 735; *Wheelock v. Young*, 4 Wend., 648. While, therefore, the plaintiff was entitled to sustain his action for a technical trespass, and on a proper case, perhaps, obtain an injunction against a continuance of the trespass, he is excluded from recovering in this action "the permanent damages, or those which would accrue to the plaintiff by the continued use of the land by the company." 14 Wis., 617. 2. The charter of the company, Laws of 1852, ch. 198, sec. 13, provides for the assessment of damages by arbitrators chosen by the parties, and the remedy was equally open to both parties. Ch. 280, Pr. Laws of 1856, is not repugnant to this provision, and does not repeal it. Besides, the latter act, in its general scope and object, is unconstitutional and void, and therefore does not operate to repeal the original charter.

COLE, J. In this case the circuit court instructed the jury that the plaintiff could only recover nominal damages, and that this rule must govern them in their verdict. And the only question which we need consider on this appeal is, the correctness of this ruling.

The action is for trespass to real estate. It is alleged in the complaint, in substance, that the defendant, in the months of June and July, 1856, with his servants, workmen and teams, wrongfully entered upon the plaintiff's close; broke up the ground; threw and cast thereon divers quantities of earth and gravel, and proceeded to locate a railroad track upon and over the same, against the plaintiff's wish and consent. And evidence was offered on the trial strongly tending to establish this

state of facts. Now, as we understand the ruling of the circuit court, the question as to the extent of injury sustained by the plaintiff in consequence of these acts was expressly withdrawn from the jury, they being directed to find merely nominal damages.

The defense seems to be, that the defendant, as contractor under the La Crosse and Milwaukee Railroad Company, entered upon the land and built a road across the same, and afterwards, as lessee or mortgagee of the company, operated it as a railroad; and that these acts were the injuries complained of, and no others. And although the railroad company has permanently appropriated the land of the plaintiff to its use, and are now and have been for years occupying it with a railroad track, and using it for the purposes of its road, yet it does not appear that any compensation has been made for the property thus taken, as required by the constitution and as contemplated by its charter. Under these circumstances, there can be no doubt that neither the railroad company, nor any person acting under it, has any right to occupy the land or exercise acts of ownership over it. They are simply wrongdoers, and must be considered as trespassers. *The People v. The Hillsdale and Chatham T. Co.*, 2 Johns., 190; *The Trustees of the Pres. Society of Waterloo v. The Auburn and Rochester R. R. Co.*, 3 Hill, 567; *Wager et al. v. Troy Union R. R.*, 25 N. Y., 526; *Hooker v. New Haven & Northampton Co.*, 15 Conn., 312; *Bradley v. The New York & New Haven R. R. Co.*, 21 id., 294; *Nicholson v. The Same*, 22 id., 74. See also *Carpenter v. The Oswego and Syracuse R. R. Co.*, 24 N. Y., 665; *Mahon v. The N. Y. Central R. R. Co.*, id., 658; *Hazen v. Boston & Maine R. R. Co.*, 2 Gray, 574. Now it is very apparent that there has been an unauthorized invasion of the rights of the plaintiff, and that damages must be given commensurate with the injury sustained. His close has been entered upon; his possession disturbed; his rights of property violated. And the question is, can he only recover nominal damages for these injuries, or may he recover

such damages as he shows he has sustained from them ?    Suppose it appears in evidence that a direct and substantial injury to the plaintiff's land has resulted from the acts of the defendant : ought he not to recover satisfaction therefor in this action ? It is said there was no attempt on the part of the plaintiff to prove that the defendant committed any trespass, or did any injury or damage to the plaintiff, except what naturally and necessarily resulted from taking the land for the purposes of the road and building and operating a railroad across the same. Concede that this was so, and yet shall not the plaintiff be permitted to recover compensation for such damages as have resulted from the violation of his rights ?    The principle is well established in this state, and ought to be considered as settled, that neither a railroad company, nor any one acting under it, can enter upon a person's land and permanently occupy and appropriate it to the use of a railroad, without making compensation therefor, or doing what in contemplation of law is deemed equivalent to making compensation—having the value of the property taken ascertained by commissioners, and tendering the amount to the owner.    Until this is done, the company acquires no right to exercise acts of ownership over the property or to use it for the purposes of its road.    In this case, as already observed, it is not claimed that the company has made compensation for the land taken for the use of its road, or even taken any steps to have the damages assessed under its charter. The company, therefore, and every one assuming to act under it, so far as the rights of the plaintiff are concerned, is a trespasser.    It is argued that the plaintiff should not be heard to say that the company and the defendant are mere trespassers on his land because the company has not taken measures to assess and pay its value, since the remedy was open to him under the charter to obtain compensation for his property.    We are not clear that the plaintiff, under the provisions of the original charter (chap. 198, sec. 13, Laws of 1852, pp. 325–331), could have taken the proper steps to have arbitrators chosen to ap-

praise the damages. It is very obvious that he could not institute proceedings for the appointment of commissioners under the amended charter (see chapter 280, sec. 2, Pr. Laws of 1856, p. 535); and we think he could not have instituted them for the selection of arbitrators under the act of 1852. But how this may be, this court has in effect decided that the company must take the initiative to acquire the right to use the land for the purposes of its road, and that no permanent appropriation of it can be made from the owner without actual payment or tender of compensation. *Powers v. Bears*, 12 Wis., 213, and cases there cited. And when the company neglects, as in this case, to have the damages assessed as contemplated by its charter, and is guilty of a most unreasonable delay in making compensation for the land taken, the owner ought to be entitled to recover, in an action of trespass, all the damages which he may have sustained by the unauthorized acts of the company, or any one acting under it. *Cushman v. Smith*, 34 Maine, 247.

It follows from these views, that the circuit court erred in holding that the plaintiff could only recover nominal damages.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.