## WALLACE v. FURBER.

PRACTICE.— *Waiver.—Pleading.—Abatement of Action.— Supreme Court.*— Where, without requiring a rule to reply, or otherwise calling the attention of the court, to a plea in abatement of an action, issues are made up on the merits of the action and tried and adjudicated upon by the court, action upon such plea is thereby waived, and no question upon it can be made for the first time in the Supreme Court.

Wallace *v.* Furber.

From the Marion Superior Court.

*R. Denny,* for appellant.

*W. Morrow, N. Trusler* and *J. A. Henry,* for appellants.

PERKINS, J.—Tabitha Bardwell and her husband Seth, on the 12th day of September, 1871, executed to Andrew Wallace a mortgage on certain lands in Marion county, Indiana, to secure the payment of a certain note. The mortgage was duly recorded. On the 12th of September, 1872, Wallace commenced an action to foreclose said mortgage. Franklin Furber, a prior mortgagee of the same lands, was made a party, as was Goodwin, a subsequent purchaser, and the mortgagors. Furber was a resident of the State of Massachusetts, and was notified by publication, February 3d, 1873. Decree upon default against all the defendants.

On the 5th of February, 1874, Furber moved to have the decree opened as to him. On the 2d of March, 1874, his motion was sustained, and he was permitted to file an answer. His answer was in two paragraphs:

1. The general denial;

2. A paragraph setting up his prior mortgage.

A demurrer to the second paragraph of Furber's answer was overruled, and exception entered.

Wallace then answered, in abatement, the pendency of Furber's suit to foreclose his own mortgage, commenced 24th December, 1873, decided June 26th, 1874, and replied to the second paragraph of Furber's answer to the suit of Wallace.

In said suit of Furber against Wallace, Furber obtained judgment. This judgment has been affirmed in this court. *Wallace* v. *Furber, ante,* p. 103. It is decided in that case, that the description of the property in Furber's mortgage was sufficient, and that said mortgage was valid and had priority over that of Wallace.

The same questions were presented below in this case,

and were decided in the same way, at special term, and the decision was affirmed in general term.

Counsel for appellant, in his brief, says: "This case is so intimately related to cause No. 5513." (that above mentioned), "appealed from the same court, and largely involving the same questions, as to require that the two cases should be considered together."

Having decided the meritorious questions in this cause in the decision rendered in No. 5513, we need only refer to that decision for the grounds on which we affirm the judgment below in this.

No notice appears to have been taken by either of the parties, or by the court, of the paragraph in abatement. The issues in the cause, upon its merits, were afterward made up by answers, replies and demurrers, were decided by the court, and a final disposition made of the cause, without the court's attention being called to the answer in abatement, or any objection or exception being taken. No rule to reply to it was taken. We shall not pass upon the question of its sufficiency, as action upon it by the court was clearly waived. The appellant is clearly in no situation to raise the objection in this court.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.