CARL VS. THE SHEBOYGAN & FOND DU LAC RAILROAD COMPANY.

RAILROADS: TRESPASS TO LAND. *(1:1) Pleading. (1:2) Limitation of recovery for continuing trespass. (2) Measure of damages for building road on plaintiff's lot, in street. (3) Effect of plaintiff's conveying premises before suit brought. (4) Proof of plaintiff's title in such case.*

1. Complaint that plaintiff owned in 1869, and continued to own until 1873, a city lot with dwelling house; that in 1869, defendant constructed its road, with embankment, ditches, etc., along and on each side of the center of the street in front of said lot, and maintained the same to the

commencement of the action, and thereby obstructed access to said house and lot, and diminished their value; that, by reason of the premises, plaintiff, before the commencement of this action, was compelled to sell, and did sell, said property for a sum less by $1,000 than could otherwise have been procured for it; and that defendant had refused, on demand, to make compensation for the injuries so sustained, and had taken no steps under its charter to have the damages ascertained. Judgment is asked for said sum of $1,000. *Held*,

(1) That the action must be treated as one for damages for a continuing trespass; and that the complaint states facts sufficient to sustain such action.

(2) That plaintiff in such an action, however, can recover nothing more than the damages to the property resulting from the trespass between the building of the road and the commencement of this action; such a recovery will be no bar to a future recovery by plaintiff or his grantee, for subsequent damages to the property by a continued maintenance of the road; and evidence of the *permanent depreciation in the value* of the land resulting from such road, is inadmissible.

2. The measure of damages herein is not the mere value of the use of that part of the street occupied by the railroad, but includes the difference between the value of the use of the whole lot without the railroad, and its value with such road in the street in front thereof, with any other special and temporary damage sustained by plaintiff in the use of the lot, occasioned by such road.

3. The fact that plaintiff had parted with the title to the property, would not prevent his recovery for damages sustained by him while owner.

4. In such an action, possession by plaintiff under a claim of title founded on a deed purporting to convey the premises to him, is sufficient *prima facie* evidence of title, in the absence of evidence of a better title in some other person.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice Taylor:

"The material allegations of the complaint are, that the plaintiff owned a certain described lot in said city in the year 1869, and continued to own it until 1873; that there was a dwelling house on the lot; and that in 1869 the defendant company built the track of their road along the center of the street in·front of said lot, and erected an embankment and dug ditches along the line of their track in said street, and continued the same to the date of this action, and thereby hindered

Carl vs. The Sheboygan & Fond du Lac Railroad Company.

and prevented the passage of teams to and from said premises, debarred the plaintiff from access thereto, and destroyed the value of the premises. The complaint then goes on to allege damages in the following language: 'That, by reason of the occupation aforesaid, this plaintiff has been compelled [to sell], and did, before the commencement of. this action, sell said premises at a great depreciation in the value thereof, and for a less sum than the same were worth before the construction of said road, to the amount of one thousand dollars.' The complaint then alleges a demand of the defendant to make the plaintiff compensation for the damages so sustained by her, and that the defendant had refused to make compensation, and had taken no proceedings under its charter or the laws of the state to ascertain the damage to said premises; and it prays judgment for the said sum of one thousand dollars, the damages so sustained by her as aforesaid, with the costs of the action. The defendant answered a general denial as to all the allegations of the complaint, except its own incorporation; and also alleged that the road was built along said street in front of the plaintiff's lot with her knowledge and consent, and that defendant had paid full compensation for the use and occupation of said premises.

"On the trial, defendant objected to the plaintiff's introducing any evidence under the complaint, because it did not state facts sufficient to constitute a cause of action; but the objection was overruled."

There was a verdict for the plaintiff; a new trial was denied; and, from a judgment on the verdict, defendant appealed.

The appeal was submitted on the brief of *Geo. P. Knowles* for the appellant, and that of *Coleman & Spence* for the respondent.

TAYLOR, J. This action must be treated as an action against the railroad company for a continuing trespass upon or nuisance to the lands of the plaintiff, caused by building

and maintaining its railroad track in a public street in the city of Fond du Lac, in front of said lands, and part of which track is upon said lands, but in said public street.

The objection to the introduction of any evidence under the complaint, we think, was properly overruled. The complaint clearly states a cause of action against the defendant for an unlawful entry upon and occupation of a part of the plaintiff's premises. The fact that the premises of the plaintiff, which were occupied by the railroad track, were subject to the easement of a public street, gave the defendant no right to occupy them with its track, without her consent, unless the company should first make compensation therefor in the manner prescribed by law. This has been so often decided by this court that we do not think it necessary to cite the decisions upon that question. The complaint clearly shows that the defendant had committed a trespass upon the plaintiff's lot, and that she was entitled to recover some damages on account thereof. If the complaint claims damages which the plaintiff is not entitled to recover in this action, that fact does not show that a cause of action is not stated therein. Having made a statement of facts which entitles her to recover damages, she may recover such damages as the law says she is entitled to upon the proof of the facts stated, notwithstanding she may have claimed other damages which by law she cannot recover in this action.

The appellant also claims that the court erred in admitting evidence upon the trial, against its objection, upon the question of damages. This objection, we think is well taken. It will be seen by the quotation made from the complaint, that the theory of the plaintiff was, that this action was a substitute for ascertaining and recovering the compensation which she was entitled to receive for the taking of her property by the railroad company. This is apparent from the fact that she claimed to recover, as damages, the sum which measured the depreciation of the lot in value by reason of building and

maintaining the railroad in the street in front of the same. This was clearly an erroneous view of the nature of the action. The action was to recover the damages for a continuous trespass or nuisance to real estate by a railroad company; and the measure of damages in such case is not the amount which the real estate has been lessened in value. If such were the rule, then a recovery in this action should bar a recovery in any future action for a continuance of the nuisance. Such, however, is not the case. The recovery in the present action will be a bar only as to damages sustained previous to the commencement of the same, and the plaintiff or her grantees can recover in another action, for any injury caused to the lot by the maintenance of such railroad subsequent to the commencement of this action. *Blesch v. Railway Co.*, 43 Wis., 183–195; *Battishill v. Reed*, 18 C. B., 696; *Bare v. Hoffman*, 79 Pa. St., 71; Sedgwick on Damages, 162, and note; Field on the Law of Damages, § 748; *Holmes v. Wilson*, 10 Ad. & E., 503; *Thompson v. Gibson*, 7 M. & W., 456; *Bowyer v. Cook*, 4 C. B., 236; *Pennoyer v. The City of Saginaw*, 8 Mich., 534; *Davis v. Lambertson*, 56 Barb., 480; *Blunt v. McCormick*, 3 Denio, 283; *Waggoner v. Jermaine*, 3 Denio, 306; *Cumberland and Oxford Canal Corp. v. Hitchings*, 65 Me., 140. The only way the defendant can prevent liability on its part for the continuance of the trespass or nuisance, either to the plaintiff or her grantees, is to proceed under the laws of the state to appropriate the lands for the use of its road, and pay the compensation to the owners which shall be fixed by such proceeding as a just compensation for taking the same. *Pettibone v. Railroad Co.*, 14 Wis., 443–448; *Ford v. Railroad Co.*, 14 Wis., 609–617; *Loop v. Chamberlain*, 17 Wis., 504; 20 Wis., 135.

The evidence objected to by the defendant, and which was admitted by the court, was introduced for the purpose of showing how much the plaintiff's premises had been decreased in value by the construction of the railroad; and there was

no evidence in the case upon the question of damages, except such as tended to show how much the plaintiff's property had diminished in value by reason of the construction and maintenance of the defendant's road. All the evidence so given was under the objections of the defendant.

We are satisfied that the court erred in permitting the introduction of this kind of evidence upon the question of damages. The plaintiff was not entitled to recover, as damages, the difference between the value of the lot before and after the building of the railroad. This court expressly held, in the case of *Blesch v. Railway Co.*, *supra*, that the rule of damages in such an action is the difference in value of the use of the lot, without the railroad track, and with the railroad track, between the date of building the same and the commencement of the action. Justice COLE, who delivered the opinion in that case, says: " The damages recoverable in the action are, of course, for the past injury to the freehold and possession; that is, the pecuniary loss which the trespass had caused the plaintiff in the use and enjoyment of his property when the suit was commenced. Laying out of view collateral questions, for the purposes of this case it seems to be sufficiently accurate to say, that the measure of damages would be the difference between the annual rental value of the premises with the railroad track where it was and the road operated as it was, and what the rental value of the premises would have been had not the road been built upon his land." And in the cases of *Pettibone v. Railroad Co.*, 14 Wis., 444–448, and *Ford v. Railroad Co.*, id., 609–617, it was expressly held that the permanent damages, or those which would accrue to the plaintiff by the continued use of the land by the company, can only be ascertained and recovered in the manner prescribed by the statute. There are a few cases which seem to hold a different doctrine. See *Troy v. Railroad Co.*, 3 Foster (N. H.), 83; *Powers v. City of Council Bluffs*, 45 Iowa, 652; *Ill. Cent. Railroad Co. v. Grabill*, 50 Ill., 241. But the cases

above cited from this court have clearly established the rule for this state, and they are in harmony with the great weight of authority in this country and in England. One reason why a railroad company can be charged with the permanent damages for taking land for its use only in a proceeding under the statute for asserting the right of eminent domain, is, that, when such damages are paid, the company is entitled to have a clear title to the property so taken, and such title cannot be acquired in an action for a trespass or nuisance. Another reason is, that, in the action to recover damages for the nuisance, the plaintiff may have judgment to abate the nuisance, and it would be clearly unjust that the plaintiff should recover damages for a continuance of the nuisance and at the same time have judgment to abate and remove the same.

The exact question presented by the case at bar was decided in the case of *Battishill v. Reed*, 18 C. B., 696, in the court of common pleas in England, in 1856. This was an action to recover damages for a continuing nuisance to the plaintiff's building, maintained by the defendant. On the trial, the plaintiff offered evidence of permanent damages to his premises in the diminution of their salable value, by the act complained of. The evidence was excluded, and the question was argued before the full bench, whether the evidence should have been admitted; all the judges concurred in holding that it was properly excluded. The grounds of the decision were: *first*, that, as the defendant could be sued again for the continuance of the nuisance, the plaintiff could only recover such damages as he could prove he had sustained in the use of his premises previous to the commencement of the action; and, *second*, that neither the plaintiff or the court has the right to assume that the defendant would continue the nuisance after a verdict against him in the first action.

We do not think the court erred in refusing the instructions asked by the learned counsel for the defendant. The plaintiff is not limited in the recovery to the mere value of

the use of that part of the street occupied by the railroad; but she is entitled to recover as damages the difference between the value of the use of the lot without the railroad, and its value with the railroad in the street in front thereof, and any other special and temporary damage she may have sustained in the use of the lot, occasioned by such railroad.

Having parted with the title would not prevent a recovery for damages sustained by the plaintiff whilst she owned the same. Nor is it necessary in an action of this nature that the plaintiff should show a valid and perfect title in herself. Possession under a claim of title founded upon a conveyance purporting to convey the premises to her, was sufficient *prima facie* evidence of title, in the absence of evidence showing a better title in some other person.

The charge of the learned circuit judge is, we think, subject to criticism. It is true, he instructed the jury that the plaintiff was not entitled to the actual value of the property taken and used by the defendant, but only to compensation for injury to the premises actually affected by such occupation during the time it was used and occupied by the plaintiff; that she was entitled to recover for the injury to her property, but not for the value of it. Under the evidence which the court had permitted the plaintiff to give on the trial, and these instructions, the jury were undoubtedly of the opinion that they must base their verdict upon the difference between the salable value of the lot without the railroad in the street, and such value after the road was built, and that they were not limited to the difference in the value of the use of the same. The instruction that the plaintiff was not entitled to recover the actual value of the property taken and used by the defendant, had very little weight in controlling the verdict. The land actually taken and used by the defendant was a narrow strip, a few feet in width, in the street in front of the lot, and was comparatively of little or no value to the plaintiff, except in its use as a public street, which she enjoyed in com-

mon with the public.   It left the jury at liberty to give as damages all the injury which had been occasioned to the plaintiff's premises, whether permanent or otherwise, by reason of the occupation of the street in front thereof.   This was not the proper rule of damages, as settled by this court in the cases above cited.

For the errors of the court below in admitting improper evidence, and in the instructions to the jury, the judgment must be reversed.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.