ATLAS ASSURANCE COMPANY, LIMITED V. ATLAS INSURANCE COMPANY, Appellant.

**Trade marks and names:** FOREIGN OWNERS: RIGHT TO PROTECTION.
1 The foreign owners of trade marks and trade names are entitled to the protection of the same against piracy, in both the federal and state courts, the same as resident owners.

**Same:** NATURE OF BUSINESS. An insurance company is entitled to
2 protection in the use of its trade mark and name; and this right is not limited to those engaged in the manufacture of articles of commerce: as where a stock company is using the name "Atlas Assurance Company" with the figure of Atlas in connection therewith, the use by another like company of the name "Atlas Insurance Company" is a piracy of the trade name which the court will protect.

**Same:** SIMILARITY OF NAMES OR MARKS. Generally speaking the right
3 to protection in the use of a trade mark or name arises when there is such a resemblance that those doing business with the person or corporation using the same, when acting with ordinary caution, are likely to be misled thereby; but this is chiefly a question of fact to be determined by the circumstances in each particular case.

**Same:** WRONGFUL INTENT. The wrongful use of a trade name or
4 mark may be enjoined without proof of actual fraud: it will

be inferred in many cases from the fact of imitation alone, even in cases involving the question of unfair competition.

**Same:** ABANDONMENT OF TRADE NAME.  The fact that a stock insurance company has permitted another company doing a purely mutual business to use a similar name or symbol, is not an abandonment of its right therein which will preclude a right of action to enjoin the use of its name by another company doing a like class of business.

**Same:** LEGITIMATE USE OF TRADE NAME.  The use of a trade name or mark by another in such manner as to unmistakably designate a separate and distinct concern, and which can in no way deceive or mislead, is not objectionable.

---

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

MONDAY, JUNE 10, 1907.

SUPPLEMENTAL OPINION, FRIDAY, JANUARY 24, 1908.

REHEARING DENIED, SATURDAY, APRIL 11, 1908.

SUIT in equity, brought by the Atlas Assurance Company against the Atlas Insurance Company; both being corporations doing a fire insurance business in the State of Iowa, wherein the plaintiff seeks to restrain the defendant from in any manner using the trade-mark, symbol, or device of the plaintiff.   There was a decree in the plaintiff's favor, from which the defendant appeals.— *Affirmed.*

*Berryhill & Henry,* for appellant.

*A. H. McVey,* for appellee.

SHERWIN, J.— The plaintiff was organized as an insurance company in 1808, under the laws of Great Britain, and under name of the " Atlas Assurance Company."   In

1842, the word " Limited " was added, so that the name of the plaintiff since that time has been the " Atlas Assurance Company, Limited." It was authorized to do fire insurance business in the State of Iowa in 1892, and has continued to receive each year from the State a permit to do business herein, and has paid the State the taxes required by law for such purpose. In addition to the name " Atlas," it . uses upon its policies of insurance, letter heads, advertising matter, etc., the well-known device of Atlas supporting the world upon his shoulders, which device the plaintiff has used constantly since its organization in 1808. In 1892, a mutual insurance company was organized in Des Moines under the name " Iowa Business Men's Mutual Fire Insurance Company." In January, 1897, this name was changed to the " Atlas Mutual Fire Insurance Company." In March, 1905, a company was organized in Des Moines to do a fire insurance business and incorporated under the laws of this State under the name of the " Atlas Insurance Company." It is a stock company, with a capital stock of $100,000, and in August, 1905, it reinsured all outstanding risks of the Atlas Mutual Fire Insurance Company, and it has continued from the date of its organization to the present time, and is now using the device of Atlas supporting the world upon his shoulders; the device being identical in all respects with the same device used by the plaintiff. The defendant has also used the name " Atlas " in its business and on its policies, letter heads, cards, etc., and is now so using it under the name Atlas Insurance Company. It uses letter heads as follows: " Atlas Insurance Co." in bold-faced type at the head of the sheet, and below that for a date line the words " Des Moines, Iowa," without any other designation than the name " Atlas Insurance Co." to indicate that it is an Iowa insurance company. On .such letter heads the device Atlas is also used. It issues cards as follows. " Atlas Insurance Company, Des Moines, Iowa." The policies issued by it, however, so far as the record shows,

bear upon their face these words, in addition to the name of the company, " of Des Moines, Iowa." This suit was brought by the plaintiff to enjoin the defendant from using the word " Atlas," and from using the device of Atlas, as hereinbefore stated. After hearing the testimony in the case, the trial court entered a decree finding the issues in favor of the plaintiff, and enjoining the defendant from using either the word or the device " in its present form."

The appellant contends that, because the plaintiff is a foreign corporation doing business in this State only by comity, it cannot maintain an action of this kind against an Iowa corporation; but there is nothing in this contention. As a general rule, the courts of the United States and those of the several States recognize the right of the owners of trade-marks or of trade-names to protect such trade-marks and trade-names against piracy, no matter where such owners reside. *State v. Gibbs,* 56 Mo. 133; *Peck Bros. v. Peck,* 113 Fed. 300 (51 C. C. A. 251, 62 L. R. A. 81); *Taylor v. Carpenter,* 3 Story, 458, Fed. Cas. No. 13,784. In the latter case, Mr. Justice Story said: " It is suggested that the plaintiffs are aliens. Be it so. But in the courts of the United States, under the Constitution and laws, they are entitled, being alien friends, to the same protection of their rights as citizens. There is no pretense to say that, if a similar false imitation and use of the labels of a citizen put upon his own manufactured articles had been designedly and fraudulently perpetrated and acted upon, it would not have been an invasion of his rights, for which our law would have granted ample redress. There is no difference between the case of a citizen and that of an alien friend, where his rights are openly violated." See also, Brown on Trade-Marks, 143; Hopkins on Trade-Marks, section 13; *Baker v. Baker,* 115 Fed. 297 (53 C. C. A. 157).

The appellant further says that the plaintiff never had, and cannot have, any rights in the use of the figure of

*[margin note: 1. TRADE MARKS AND NAMES: foreign owners: right to protection.]*

Atlas as a trade-mark, symbol, or device, because of the char-

2. SAME:
nature of
business.
acter of its business. It says that an examination of the adjudicated cases will show that, wherever a trade-mark or trade-name has been protected by a court of equity, it will be found to have been used in connection with some manufactured article. But no matter what the adjudicated cases may show in this respect, it probably arises from the fact that a precisely smilar case has not heretofore been passed upon. To hold that a trade-name or a trade-mark shall receive the protection of the court only when used in connection with the manufacture of some article of commerce would be adopting an extremely narrow view of the matter, and leave large financial interests engaged in other lines of business wholly without the protection of the court, so far as a trade-mark or trade-name is concerned, and open to general piracy. We are not willing to sanction any such rule, and see no reason why the rule should be so limited.

The appellant further contends that there is such a difference in the names of these two companies that the plaintiff is not entitled to the relief sought. What degree of

3. SAME:
similarity of
names or
marks.
resemblance between the names or devices is sufficient to warrant the interference of a court in cases of this kind is not capable of exact definition. It is, and must be, from the very nature of the case, mainly a question of fact, to be determined by the circumstances appearing in each particular case. In general, it may be said that, if the resemblance is such as to mislead purchasers or those doing business with the person or corporation using the name, who are acting with ordinary caution, this is sufficient. *McLean v. Fleming,* 96 U. S. 251 (24 L. Ed. 828); *California Fig Syrup Co. v. Improved Fig Syrup Co.* (C. C.), 51 Fed. 296; *Schmidt v. Brieg,* 100 Cal. 672 (35 Pac. 623, 22 L. R. A. 790); *Wirtz v. Bottling Co.,* 50 N. J. Eq. 164 (24 Atl. 658). In *Fischer v. Blank,* 138 N. Y. 244 (33 N. E. 1040), it was said: " The true

test, we think, is whether the resemblance is such that it is calculated to deceive, and does in fact deceive, the ordinary buyer making his purchase under the ordinary conditions which prevail in the conduct of the particular traffic to which the controversy relates." From an examination of the printed matter issued by the defendant corporation, we are thoroughly satisfied that there is such a resemblance between the plaintiff's name and the defendant's name that a person desiring to purchase insurance might easily be misled as to the company he was in fact dealing with.

The wrongful use of a trade-name or device may be enjoined, without proof that any one has been actually deceived. *R. P. C. C. Co. v. R. P. C. C. Co.,* 108 Iowa, 105;

4. SAME: wrongful intent.

*1* Paul on Trade-Marks, section 215; *Von Mumm v. Frash* (C. C.), 56 Fed. 830; *Shaver v. Shaver,* 54 Iowa, 208. And it has been held that the confusion of names in business is sufficient ground for the issuance of an injunction. *McLean v. Fleming, supra; Weener v. Brayton,* 152 Mass. 101 (25 N. E. 46, 8 L. R. A. 640); *Bradley v. Norton,* 33 Conn. 157 (87 Am. Dec. 200); *Higgins v. Higgins,* 144 N. Y. 462 (39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769); *Sartor v. Schaden,* 125 Iowa, 696. In the latter case, it was said: " A cause of action for the wrongful use of a trade name by another arises where there is a confusion of goods put upon the market by the respective parties, where there have been actual mistakes or sales of one product for another, or where the similarity is such that one product may readily be mistaken for the other." The use of the principal word, " Atlas," in the plaintiff's name, is sufficient ground for the issuance of injunction restraining its use by the defendant. In *Saxlehner v. Eisner,* 179 U. S. 53 (21 Sup. Ct. 7, 45 L. Ed. 60), it was said: " It is not necessary to constitute an infringement that every word of the trade-mark should be appropriated. It is sufficient that enough be taken to deceive the public in the purchase of a protected article."

That a trade-name, as well as a trade-mark, symbol, or device, is entitled to protection by courts of equity, is the general rule. *Shaver v. Shaver, supra;* Hopkins on Trade-Marks, sections 1, 9, 69; 28 Ency. of Law (2d ed,), 428. And it makes no difference in the application of the rule whether the party using the name or trade-mark acts in good faith or otherwise. *Shaver v. Shaver, supra;* 28 Ency. of Law, 416; *Higgins v. Higgins, supra; Nesne v. Sundet,* 93 Minn. 299 (101 N. W. 490, 106 Am. St. Rep. 439); *McLean v. Fleming, supra; R. P. C. C. v. R. P. C. C., supra.* It will be observed that the facts in this case bring it within the rule relating to unfair competition, and it is said that the question of fraud is more important in such cases; but it is not necessary even in cases of unfair competition to show by direct evidence the existence of an intention to defraud. Where there is no such proof, fraud may be inferred in many cases from the fact of imitation alone. *Wirtz v. Bottling Co., supra; Simmons Med. Co. v. Mansfield Drug Co.,* 93 Tenn. 84 (23 S. W. 165).

The appellant argues further that whatever right the plaintiff might have had to the use of either the word " Atlas " or the figure of Atlas in its advertising matter was

5. SAME: abandonment of trade name.

abandoned by allowing the use of such name and device by the Atlas Mutual Insurance Company and by other insurance companies doing business elsewhere in the United States; but the record before us shows that the appellant is a corporation wholly distinct from the Atlas Mutual Fire Insurance Company. The appellant is a corporation doing business on the stock plan, while the Atlas Mutual Fire Insurance Company was a mutual company, and its name clearly indicated as much. There is no privity between the two companies, and the appellant certainly is not in a position to now claim that the permissive use of the word " Atlas " by the mutual company protects it in its use thereof. The only relation between the two companies arose out of the fact that the

appellant reinsured the risks of the mutual company. The fact that other companies may have used the word in other places is no protection. *Sartor v. Schaden, supra.* In the latter case, it was said: "Use of the word in other States or in other parts of this State by persons who did not compete with plaintiff is not controlling on the issue of unfair competition."

The appellee complains of the limitation in the decree to the use of the word in its present form. We think the prayer of the petition should be granted without limitation, and as thus modified the judgment of the district court is *affirmed.*

## SUPPLEMENTAL OPINION.

PER CURIAM.— The trial court entered a decree enjoining the defendant from "using the word or device 'Atlas' in its present form," and the plaintiff objected to 6. SAME: legitimate use of trade name. the form of the decree. In the original opinion filed herein we held, briefly, that the prayer of the petition should have been granted without limitation. The opinion, however, is based on the ground that the appellant cannot use the word or device in a way that is calculated to deceive those who seek insurance, and the entire argument of the opinion is along that line. We did not intend to hold that the word or device cannot be used when it appears that the use made of it can in no way deceive or mislead. The use thereof in such manner as to clearly and unmistakably show that the defendant is an insurance company entirely separate and distinct from the plaintiff cannot possibly prejudice the latter in any way, and there can be no legal objection to such use.

The judgment of the trial court is therefore affirmed, without modification.— *Affirmed.*