PUTNEY BROS. CO., Appellant, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Respondent.

*January 8—January 28, 1908.*

*Eminent domain: Persons entitled to compensation: Leaseholds: Appeal and error: Direction of verdict: Prejudicial error: Damages: Release by landlord: Tenant's rights: Remedies: Trespass.*

1. Where, in proceedings to condemn the rights of owners fronting or abutting on a city street for an interurban railway, it appears that the plaintiff never had more than a leasehold interest, which had expired before the petition for the appointment of commissioners was filed, plaintiff has no estate or interest to be condemned or taken.

2. Where, in such case, on appeal to the circuit court, that court directs a verdict in plaintiff's favor for nominal damages, it is not an error of which plaintiff, on appeal to the supreme court, can complain, it not being entitled to any damages whatever proper to be assessed in a condemnation proceeding.

3. In condemnation proceedings the release of damages by a landlord does not affect the tenant's right to recover.

4. In condemnation proceedings instituted to acquire the estate or interest of a tenant, the fact that there had been a breach of covenant of the lease by an assignment without the consent of the landlord does not affect the tenant's right to recover damages, since the defendant cannot challenge the validity of such assignment.

5. Where the plaintiff in condemnation proceedings is precluded from recovery therein because his title had expired before the institution of the proceedings, such proceedings cannot be used for the recovery of damages for past trespasses not associated with the taking of the land.

6. Plaintiff in condemnation proceedings was shown to have occupied a store fronting and abutting on a city street as a tenant, but it also appeared that at the time the condemnation proceedings were instituted the leasehold interest had expired. *Held*, that for any wrongs inflicted upon plaintiff or his leasehold interest prior to the filing of the petition in the condemnation proceedings the remedy was an action for the trespass.

7. In such situation the fact that in the condemnation proceedings nominal damages were awarded plaintiff would be no bar to an action for past trespasses, since such damages are not within the issues upon the condemnation proceedings.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The appeal is from a judgment rendered upon a verdict directed in favor of the appellant for six cents damages in a condemnation proceeding instituted by the respondent in 1904 in which the commissioners on January 10, 1905, filed their award. This award gave the appellant $250 damages, and both parties appealed from such award to the circuit court.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar* and *Henry Lockney.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* attorneys, and *Clarke M. Rosecrantz,* of counsel, and oral argument by *T. E. Ryan.*

Among other references cited upon the part of the appellant were the following: *Younkin v. Milwaukee L., H. & T. Co.* 112 Wis. 15, 87 N. W. 861; *Abbott v. Milwaukee L., H. & T. Co.* 126 Wis. 634, 106 N. W. 523; *Pomeroy v. C. & M. R. Co.* 25 Wis. 641; *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178, 23 N. W. 432; *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 14 N. W. 273; *La Crosse & M. R. Co. v. Seeger,* 4 Wis. 268; 2 Lewis, Em. Dom. (2d ed.) 1145; *Murray Hill L. Co. v. Milwaukee L., H. & T. Co.* 126 Wis. 14, 104 N. W. 1003; *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 41 N. W. 1060; *Campbell v. Dick,* 80 Wis. 42, 49 N. W. 120; *Hocks v. Sprangers,* 113 Wis. 123, 87 N. W. 1101, 89 N. W. 113; *Hill v. Am. S. Co.* 107 Wis. 19, 81 N. W. 1024, 82 N. W. 691; Supreme Court Rule 58.

Among other references cited upon the part of the respondent were the following: *Lyons v. G. B. & M. R. Co.* 42 Wis. 538; 2 Lewis, Em. Dom. (2d ed.) §§ 483, 507.

TIMLIN, J. The appellant is a corporation and in March, 1895, succeeded to the general mercantile business of Putney Bros. (a copartnership) carried on in a store abutting on Broadway in the city of Waukesha. Putney Bros. on November 1, 1892, leased from H. M. Frame all of the first floor of store No. 329 Broadway and running through to South street, and all of the cellar under said floor and the room in the second story facing on South street, for the term of five years, with the privilege to the lessees of a second term of five years on the same terms and conditions. There was a covenant not to under-lease the premises or assign the lease without the consent of the lessor in writing. The lease was nevertheless in 1896 transferred to the corporation appellant, and it continued the business and remained in pos-

session under said lease up to November 1, 1902. Some days after H. M. Frame executed to the corporation appellant a new lease running from November 1, 1902, for one year, and in August, 1903, extended in writing this last-mentioned lease to January 1, 1904. On the last-mentioned date the appellant vacated the leasehold premises and the leasehold came to an end. It appears from the award of commissioners and from certain excerpts from the defendant's articles of incorporation and from certain excerpts from its petition for the appointment of commissioners that the defendant is a street and interurban railway corporation, and some time prior to December 28, 1904, but after the expiration of appellant's leasehold estate, filed a petition for the appointment of commissioners for the purpose of condemning and permanently appropriating so much of the lot in which plaintiff owned a leasehold interest as lies within the public highway known as Broadway for a right of way for said interurban railway and for the construction, maintenance, and operation thereon of the double-track interurban railway authorized by defendant's articles of incorporation from the city of Milwaukee, through the city of Waukesha, over and along and upon said street and over public streets and highways to towns or places beyond said city of Waukesha, etc. The evidence on the part of the plaintiff tended to show some damages to plaintiff's leasehold prior to November 1, 1902, and no evidence was offered on the part of the defendant except a release of damages by H. M. Frame, the owner of the land, executed to the defendant about the year 1900.

In his decision on defendant's motion for a directed verdict the circuit judge recites that the petition for condemnation was filed October 14, 1904, and the award of the commissioners, as shown by another recital and by evidence, was filed January 10, 1905. The trial court held that, the leasehold interest of the plaintiff having expired long before the petition for the appointment of appraisers, plaintiff had no

estate or interest to be condemned or taken. In this he was correct, but he was inconsistent in directing a verdict in favor of the plaintiff for nominal damages. This is not, however, an error of which appellant can complain, because it was not entitled to any damages whatever to be assessed in a condemnation proceeding. But the fact that Mr. Frame released damages does not affect the plaintiff's right to recover. 2 Lewis, Em. Dom. (2d ed.) p. 1408, § 649, and cases in note 83. Nor does the fact that the lease was not assignable without the consent of the landlord affect the plaintiff's right to recover, because the defendant cannot challenge the validity of such assignment. 1 Taylor, Landl. & Ten. (9th ed.) § 402 *et seq.* But the plaintiff is precluded from recovering in this condemnation proceeding because its title expired before the institution of the condemnation proceedings, and such proceedings cannot be used for the recovery of damages for past trespasses not associated with the taking of the land. For such wrongs the remedy of the plaintiff is in trespass, and the nominal damages awarded plaintiff in this action will be no bar to an action for past trespasses because they are not within the issues upon condemnation proceedings. *Carl v. S. & F. du L. R. Co.* 46 Wis. 625, 1 N. W. 295; *Blesch v. C. & N. W. R. Co.* 43 Wis. 183; 2 Lewis, Em. Dom. (2d ed.) p. 1149, § 507, and cases in note 80; Randolph, Em. Dom. p. 321, § 352, and cases in note 6.

It follows that the appellant is not aggrieved by the direction of a verdict in its favor, and, there being no other error in the case not covered by this decision, the judgment ought to be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.