JONES ET AL. v. ROSHENBERGER, ADMINISTRATOR.

[No. 11,970. Filed October 17, 1924.]

1. TRADE-NAMES.—*What constitutes unfair competition; rule stated.*—The rule stated as to unfair competition by the use of a trade-name similar to one already established. p. 99.

2. PLEADING.—*Refusal to strike out parts of complaint which were neither scandalous nor impertinent proper.*—Overruling defendant's motion to strike out certain designated parts of

the complaint, which were neither scandalous nor impertinent, and which could, in no way, prejudice the defendant in making his defense, was proper. p. 100.

3. PLEADING.—*Plea in abatement is waived by proceeding to trial without a hearing, on the matters pleaded.*—A defendant who has filed a plea in abatement and thereafter, without a trial of the matters so pleaded, proceeds to the trial of the case on its merits, thereby waives the matter in abatement. p. 100.

4. TRADE-NAMES.—*Measure of damages when unfair competition was deliberate and wilful.*—In an action to recover damages for unfair competition in the use of a trade-name, where the action of the defendant has been deliberate and wilful, the plaintiff is entitled to recover all the profits realized by the defendant. p. 101.

From Vanderburgh Probate Court; *Elmer Q. Lockyear,* Judge.

Action by John H. Roshenberger against Clyde M. Jones and others. From a judgment for plaintiff, the defendants appeal. The appellee having died pending the appeal, his administrator was substituted as appellee. *Affirmed.*

*Edward A. Lorch* and *Arthur H. Meyer,* for appellants.

*George K. Denton* and *Winfield K. Denton,* for appellee.

ENLOE, C. J.—This was an action for injunction to restrain the appellants from alleged unfair competition, and for damages. The action was prosecuted to judgment by one John H. Roshenberger, who died pending this appeal, and, by agreement of all the parties, his administrator has been, by order of this court, substituted as appellee.

The questions presented for our consideration relate to the matters hereinafter considered.

There were three paragraphs of complaint, to each of which appellant Jones unsuccessfully demurred, the appellant Rimroth demurring only to the second and

third paragraphs.   As the said demurrers were each for want of facts, and as the specifications of deficiencies in said complaint cover practically the same ground, we shall consider them together.

In *Computing Cheese Cutter Co.* v. *Dunn* (1909), 45 Ind. App. 20, it was said: "The sufficiency of the pleading under consideration depends upon
1.  whether its averments bring the case within the principle that nobody has any right to represent his goods as the goods of somebody else.  *  *  *  The question of the right of relief against the infringement of a trade name in a given case depends upon the *circumstances surrounding the adoption and advertisement of the name complained of, as much as upon its similarity to that of the complainant.*  The question in every case is whether the defendant is in fact attempting to sell his goods as the goods of some one else.   When this fact is found, a basis for relief is established.   The fact is to be found, as other facts, from the evidence, including therein all the relevant circumstances and conditions.   Identity of name may not, in itself, be sufficient.   A lack of identity in name will not always suffice to prevent the extending of relief to one whose trade is being stolen.   'What degree of resemblance between the names of devices is sufficient to warrant the interference of a court in cases of this kind is not capable of exact definition.   It is, and must be, from the very nature of the case, mainly a question of fact, to be determined by the circumstances appearing in each particular case.' "   (Our italics.)   See *Atlas Assurance Co.* v. *Atlas Ins. Co.* (1907), 138 Iowa 228, 112 N. W. 232, 114 N. W. 609, 128 Am. St. 189, and note to the same case 15 L. R. A. (N. S.) 625.

In 38 Cyc 756, it is said:   "Unfair competition consists in passing off or attempting to pass off  upon the

public, * * * the goods or business of another. It consists essentially in the conduct of a trade or business in such a manner that there is either an express or implied representation to that effect. And it may be stated broadly that any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes unfair competition. The definition is comprehensive enough to reach every possible means of effecting the result." See, also, *Hartzler* v. *Goshen, etc., Ladder Co.* (1914), 55 Ind. App. 455.

Tested by the above principles, we have no hesitation in saying that each paragraph of complaint was good and that the demurrers thereto were rightly overruled.

The appellant Rimroth next complains of the action of the court in overruling his motion to strike out certain designated parts of each, the second and third paragraphs of said complaint. None of the several allegations sought to be stricken out were either scandalous or impertinent; they could in no way prejudice said appellant in making his defense; in fact, as we view it, each of said allegations was material and proper, and the court did not err in overruling said motion.

The record discloses that, to the second and third paragraphs of complaint, the appellant Rimroth filed an answer in abatement. To this answer, the plaintiff filed a reply, to which the appellant Rimroth demurred, and which demurrer was overruled. The said appellant thereafter, the alleged matter in abatement not having been tried and disposed of as required by our statute, §371 Burns 1914, §365 R. S. 1881, filed answer in general denial and proceeded to the trial of the case upon its merits. This was a waiver of the matter in abatement, and the same can-

not be now urged.   1 Watson, Revision of Works' Practice §566; *Wallace* v. *Furber* (1878), 62 Ind. 126.

· It is next urged that the court erred in overruling appellants' motion for a new trial; that the decision is not sustained by sufficient evidence, and that

4. the damages awarded are excessive.   After ·a reading of the evidence, we think it abundantly sustains the decision.   As to the damages in such cases, the recent case of *Globe-Wernicke Co.* v. *Safe Cabinet Co.* (1924), 144 N. E. (Ohio) 711, lays down the rule, and it is well supported by the authorities, that in cases like the one now under consideration, where the action of the offending parties was deliberate and wilful, *the injured party is entitled to recover all the profits realized by the offending party upon the manufactured article in question.*   As we read this record, a strict application of the above rule would have entitled said plaintiff to an award of damages larger than that which he received.

We find no error in this record.

Judgment affirmed.