JOHNSON *vs.* MILN.

In an action on a *charter party*, to recover the price agreed upon for the use of the vessel, the defendant may give evidence of *fraudulent representations* by the plaintiff as to the burthen or capacity of the vessel in mitigation or satisfaction of the plaintiff's demand. Such evidence does not infringe the rule of law that a written contract cannot be varied or enlarged by *parol proof.*

ERROR from the New-York common pleas. Johnson sued Miln in an action of *covenant* on a charter party, entered into *under seal*, whereby the plaintiff let to the defendant a brig to freight for a voyage from New-York to Liverpool. The brig was described in the charter party as " of the burthen of 264 tons, or thereabouts." The defendant covenanted to pay for the charter or freight of the vessel £450 sterling, with five per cent. primage thereon. The freight, as per bill of lading, to be taken in full payment, if they amounted to the sum agreed to be paid; but if they did not amount to that sum, the deficiency to be paid in New-York before the vessel left the port. The plaintiff averred that the defendant received a cargo on board and the vessel sailed on her voyage, but that the bills of lading fell short £42 3s. 8d. or $203,88, and that the defendant refused to pay such deficiency. The defendant pleaded *non est factum*, and attached to his plea a *notice* that he would prove, that at the time of the agreement, the plaintiff *warranted* that there had been discharged from the hold of the brig on a previous voyage 330 loads of timber, and that the hold of the brig was of a capacity to contain that

number of loads of timber; that such warranty was the inducement to the contract, that the warranty was broken, that the vessel fell short 100 tons in capacity from what she was warranted, the value of which exceeded the sum claimed by the plaintiff. He further gave notice that he would prove, that at the time of the agreement, the plaintiff made *representations* to the defendant, similar to the warranties above stated, and that such *representations were false and fraudulent.* On the trial of the cause, the plaintiff proved the execution of the charter party, and rested. The defendant offered to prove the *fraudulent representations* alleged in the notice. The evidence was objected to by the plaintiff, and the objection overruled by the judge. It was then proved that the plaintiff did represent that he had delivered out of the hold of the bring 330 loads of timber, which was shown to be equal to $412\frac{1}{2}$ tons measurement. That custom house measurement is no test of the burthen of a vessel, and that charter parties are always predicated upon representations made as to what a vessel has actually carried, and not on the custom house measurement. That the vessel was fully freighted, and all she carried was 262 tons of logwood, &c.; and if she would hold 412 tons by measurement, she ought to have carried at least 100 tons more than she did carry. On the part of the plaintiff, evidence was adduced that the vessel was capable of carrying 330 loads of timber. The judge charged the jury that, since the revised statutes went into effect, it was competent for a defendant, in an action upon a sealed instrument, to show a total or partial failure of consideration, and for that purpose to prove a false and fraudulent representation as the inducement to the defendant to enter into the covenant; and submitted to the jury the question, whether the plaintiff had been guilty of a false and fraudulent representation in reference to the capacity of the vessel, and instructed them as to what in law was deemed a false and fraudulent representation. He directed them, if they should find against the plaintiff upon that question, and should be of opinion that the *deficiency* in the capacity of the vessel was equal to the amount claimed by the plaintiff, to find a verdict for the defendant, otherwise for the plaintiff. The jury found for the defendant, on which

verdict judgment was entered. The plaintiffs having obtain-
ed a bill of exceptions to be sealed, sued out a writ of error.

*I. L. Wendell,* for the plaintiff in error, insisted that the
judge erred in permitting the defendant to give evidence of
the *representations* made by the plaintiff in reference to the ca-
pacity of the vessel. The proof adduced established a war-
ranty, or a representation equivalent to a warranty; and in-
asmuch as it varied from and enlarged the written contract,
it was inadmissible. 2 *Kent's Comm.* 556. 1 *Johns. R.* 417.
1 *Wend.* 432. 4 *Taunt.* 779. 3 *T. R.* 413. 1 *Peters' U. S.
Reports,* 598, 600. A false representation may be shown,
where a vendor *by fraud prevents a purchaser from discover-
ing some fault* known to the vendor to exist in the article,
the subject of contract, but not otherwise. 2 *Barn. & Cres.*
627. The revised statutes only allow the consideration of
a sealed instrument to be rebutted in the same manner and
to the same extent as if the instrument were not sealed, 2
*R. S.* 406, § 77; and the consideration of an instrument *not
sealed* cannot be rebutted by evidence varying or enlarging
the written agreement. *Starkie's Ev. part* 4, 1002, 1007,
1061. Consequently, although the revised statutes have
changed the law as to the right to enquire into the consider-
ation of sealed instruments, the rule of evidence prohibiting
the introduction of *parol proof,* to vary or enlarge a written
agreement, has not been abrogated; and if the evidence of-
fered to rebut the consideration cannot be received without
infringing the rule last mentioned, it must be rejected.
When a contract is reduced to writing, all antecedent nego-
tiations and discussions are excluded as merged in the in-
strument. The counsel further insisted, that the *represen-
tation* proved in this case afforded no aliment to sustain an
action or to support a defence. The gist of an action on
the case is, that the plaintiff has been *imposed* upon by the
fraud of the defendant. If a party enters into a contract,
with his eyes open to a defect in the subject matter of the
contract, he is remediless, for he is not deceived. The de-
fendant here alleges that he was told that the burthen of the
vessel was 412 tons, whereas in fact she could carry only
262 tons. In an action *by him,* he would not be permit-

ted to say under such circumstances that he had been imposed upon ; and as he might have informed himself of the fact, no action would lie. *Starkie's Ev. part* 4, 467 *to* 472. If an action would not lie, the defence cannot be sustained ; and the judge therefore erred in instructing the jury to find for the defendant, if they found the representation to have been fraudulent.

*C. P. Kirkland,* for the defendant in error, insisted, that since the revised statutes went into operation, a total or partial failure of consideration, arising from *fraud* in the contract, or in any other manner, may be shown in an action on a sealed instrument ; and that parol proof is admissible to show such failure of consideration, without infringing the rule of evidence that parol proof cannot be received to add to, vary or explain the terms of the contract. He further contended that no question involving such rule was presented by the bill of exceptions in the case ; that the proof of the defendant only went to establish the fraudulent conduct of the plaintiff, and not to vary or explain the written contract.

*By the Court,* SAVAGE, Ch. J. The learned judge stated the law to the jury correctly, and there is no ground for the reversal of this judgment. It is true, as stated, that previous to the revised statutes, the law was that the consideration of a sealed instrument could not be enquired into ; the seal imported a consideration ; nor could fraud be shown only in relation to the execution of the instrument ; that the party executing the instrument was drunk or lunatic, or that the deed was falsely read, or another fraudulently substituted, so that the real assent of the mind was never given. *Starkie's Ev. part* 4, *p.* 478, 80. This rule has been recognized often in this court. In *Van Valkenburgh* v. *Rouk,* 12 *Johns. R.* 338, Spencer, justice, after adverting to the rule observes, " I will not pretend to say that there is not a great deal of technicality in the application of the rule as to the cases in which you may give evidence impeaching the execution of the instrument under the plea of *non est factum,* and those in which you may not." It was, I apprehend, to abolish this technicality that

the legislature passed the following sections : " In every ac-
tion upon a sealed instrument, and where a set-off is founded
upon any sealed instrument, the seal thereof shall only be pre-
sumptive evidence of a sufficient consideration, which may be
rebutted in the same manner, and to the same extent, as if
such instrument were not sealed ;" and " The defence allow-
ed by the last section shall not be made, unless the defendant
shall have pleaded the same, or shall have given notice there-
of, at the time of pleading the general issue or some other
plea denying the contract on which the action is brought."
2 *R. S.* 406, § 77, 78. The notion that there is greater solem-
nity in the execution of an instrument with a seal attached to
it, than without the seal, seems to be repudiated. The party
is no longer estopped by his seal from showing the truth ;
there is now no magic in a wafer. In respect to the consid-
eration, all written contracts, whether sealed or unsealed,
are placed upon the same footing ; and any defence appli-
cable to the one is equally applicable to the other.

The plaintiff in error has cited several cases to show that
where a parol contract has been reduced to writing, the pa-
rol contract is merged in the written contract ; and that no
parol evidence can be introduced to contradict or substan-
tially vary the writing. This rule of evidence is not disput-
ed. The cases referred to by the plaintiff in error do some
of them state the rule with the qualification contended for
by the defendant. Thus in *Taylor* v. *Riggs,* 1 *Peters,* 598,
Chief Justice Marshall says : This *not being an action for
deceit and imposition,* but on a written contract, the right of
the plaintiff to recover is measured precisely by that con-
tract. The conversation which preceded the agreement forms
no part of it, nor are the propositions or representations made
at the time, but not introduced into the written contract, to
be taken into view in construing the instrument itself. If he
(the plaintiff) was drawn into it by misrepresentations, that
circumstance might furnish him with a different action, but
cannot affect this. *Munford* v. *M'Pherson,* 1 *Johns. R.*
44, was an action on a warranty on the sale of a moiety
of a ship. The plaintiffs on the trial offered to prove
a parol warranty, made when the written bill of sale was
delivered, which was different from the written war-

ranty. The evidence was rejected, and the plaintiff non-suit-
ed.   On the argument one question was, whether when a
bill of sale or other instrument in writing is executed and de-
livered to the vendee, he can maintain an action on a war-
ranty by parol where there is no allegation of fraud ; and the
court held he could not. Chief Justice Kent interrupted the
counsel by asking whether a case could be found where an
action had been brought on a parol contract made *uno flatu*
with a written contract. He said the cases cited were all on
deceit.   It was conceded by the counsel for the defendants,
that an action would lie for the false affirmation or fraud, but
it did not follow that an action would lie on the warranty.
Thompson, justice, in giving the opinion of the court says, it
is not pretended that there is any fraud in this case. He then
lays down the rule, that where the contract between the par-
ties is reduced to writing, recourse must be had to that instru-
ment to ascertain its extent ; but he admits that had the
plaintiffs' claim rested upon a deceit in the sale, the testimo-
ny offered might have been received as a circumstance to es-
tablish the fraud. It is upon that principle that the defendant
rests his defence in this case. It is not that he has any right
to damages by virtue of any breach of contract, which con-
tract was by parol and anterior to the charter party ; but it
is that he is entitled to damages for the fraud practised upon
him by the plaintiff by false representations as to the capaci-
ty of the brig.   In this aspect of the defence the plaintiff's
counsel says that the representations when proved afford no
aliment to sustain an action or support a defence. Whether
the facts are of that character is not a question properly
arising upon this writ of error.   If the verdict was
against evidence, that should have been corrected in the
court below.   It cannot be denied that the facts were such
as should be submitted to a jury.   In doing so, the judge
charged the jury that if the capacity of the vessel was
knowingly and fraudulently represented to be materially un-
true, it was a partial failure of consideration.   This was
in accordance with the adjudication in the case of *Becker*
v. *Vroman*, 13 *Johns. R.* 302, where Van Ness, justice,
says that fraud may be given in evidence as a defence, and
will be an answer to the whole demand, or in abatement

of the damages according to the circumstances of the case. He adds, very properly, that this is a salutary rule, and well calculated to do final and complete justice between the parties, most expeditiously and least expensively. The judge in the court below asked the jury, " Has there been a fraudulent representation here ? It ought to be made out strongly by evidence ; it must be a statement not true, and which the plaintiff knew not to be true, and of a material fact, and one which the other party did not and could not know ; it must be knowledge on one side and want of it on the other." This was surely strong enough in favor of the plaintiff. The jury, in giving a verdict for the defendant, have found that there was such a fraud as the judge described ; that the plaintiff knowingly and fraudulently made a false representation as to the capacity of the vessel ; that the defendant did not and could not know what her capacity was. The witnesses had all testified that the registry or custom house measurement was no test of the capacity of a vessel. But we are not now concerned to enquire whether the verdict was supported by evidence, but whether the judge properly directed the jury as to the law. I see no error. Judgment should be affirmed.

Judgment affirmed.