Selden, J.
This action is for a fraudulent representation by the defendant, in the quantity of land sold by him to the plaintiff, and not upon a warranty. It is stated in the coifiplaint that the defendant “ falsely and fraudulently represented and alleged that the farm contained ninety acres,” and that the farm actually contained less than eighty acres. It is not stated that the defendant knew that the farm did not contain ninety *247 acres. The complaint was doubtless sufficient (2 Johns., 550), but assuming that it may have been defective, the cause was tried without objection on that account, both parties introducing evidence bearing upon the question whether the misrepresentation was willful, and the case must be considered now, as if the scienter had been fully alleged, assuming such allegation to be necessary.
The only objection to the introduction of testimony taken on the trial, was the following: Immediately after the parties had exchanged deeds, the plaintiff, holding his deed in his hands, said to the defendant, “You know, of course, I have had no opportunity'to examine the deed, or the survey bill; I now want to know if the quantity of land, as set forth there, is all right” The defendant, in reply, said, “ You may be assured it is all right.” Exception was taken to the evidence of this conversation, and it is now insisted that it was improper, because it took place after the delivery of the deed. Evidence of fraudulent representations of the quantity of land, after the contract was consummated, however clear, would not be sufficient to sustain the action, and perhaps this representation may be considered as coming too late for that purpose; but the evidence was admissible to show that the plaintiff relied upon the defendant’s statement, and not upon his own knowledge, as to the quantity of land, and as bearing upon the question of the good or bad faith of the defendant in representations of a somewhat similar character, which were shown to have been made before the deed was drawn. The evidence, if too late to be admitted as a part of the contract (and whether it was or not, need not be decided), was proper as an admission of the defendant, bearing upon the character of the contract. (Broom on Com. Law, 353, 354.)
The motion for a nonsuit, on both occasions when it was made, was properly denied. The.action, as has been said, was based upon the fraud of the defendant, and not upon any warranty or contract on his part, in regard to- the quantity of land. The doctrine, therefore, of the merger of all previous negotiations and representations in the written contract, and *248 of the merger of the contract in the deed, has no application to the case. Fraud cannot be so merged. (Johnson v. Miln, 14 Wend., 195.) No ground on which the motion for a nonsuit was asked, appears to. have been stated on the trial, and none is urged now, but the above. Very clearly, there was some evidence bearing upon the question of fraud, which it was proper to submit to the jury.
The defendant’s general exception to the whole charge raises no question which can be considered here. (Caldwell v. Murphy, 1 Kern., 416.)
The only remaining exception, is to the refusal of the court to charge that the sale was in gross, and not one by the acre. I think the defendant’s counsel was clearly right ip his position, that the sale was in gross, and .not by the acre. This question does not depend upon the oral testimony, but upon the written contract, which we are to look to as the only evidence of what the bargain was, aside from the question of fraud. It was a question of law merely, depending upon the interpretation of the contract; and it is not one that admits of any doubt. The farm was sold with the personal property upon it, for $13,000, and no reference whatever was made to the quantity. It was, therefore, a sale in gross. (Faure v. Martin, 3 Seld., 210.) If this point was material, it would be fatal to the judgment; but it is wholly immaterial. The liability of the defendant for a fraudulent representation, is as clear, if the sale of the farm was in gross, as if it was by the acre. The representations of the defendant may have induced the plaintiff to enter into the contract for the purchase in gross, instead of by the acre, and there would be great injustice in depriving him, on that account, of his remedy for the fraud. Possibly the measure of damages might be different in the two cases, but no question on this subject was made at the trial; and this refusal of the judge to charge as requested, could not have injured the defendant in this respect.
The judgment should be affirmed.
Denio, Ch. J.
The defendant’s counsel does not deny that there was sufficient evidence to be submitted to the jury, pro- *249 Tided this were properly an action for a deceit; but he maintains that it should be considered as an action upon a contract, and that the motion for a nonsuit ought to have been granted, because the contract for the purchase of the land was in writing, and there was no covenant or agreement in writing respecting the quantity of land in the farm. The position that the action was not brought for a deceit is based upon the absence of any distiuct allegation in the complaint that the defendant knew that the farm did not contain as many acres of land as it is alleged he represented it did, whence it is argued' that no fraud is legally set out. The complaint does, however, state that the defendant falsely and fraudulently represented and alleged that the farm contained ninety acres of land. This has always been considered a sufficient allegation of a scienter in this class of action. The subject underwent a good deal of discussion in Bayard v. Malcom, in the Court of Errors (2 John., 550), and. in the same case in the Supreme Court (1 id., 453). It was an action brought to recover for alleged untrue representations as to the business and patronage of a newspaper, upon the sale of it by the defendant to the plaintiff. The declaration alleged that the defendant made certain affirmations concerning the premises, the truth of which was negatived; and it was added, “ and so the said plaintiff says that he, by reason of said affirmation, was falsely and fraudulently deceived,” &c. The plaintiff had a verdict, but the Supreme Court reversed the judgment on the want of a sci-enter. The defendant’s counsel and the judges who concurred in reversing the judgment, however, stated that if it had been alleged that the representations were falsely and fraudulently made, the declaration would have been good, but they considered that the averment that the plaintiff was falsely and fraudulently deceived was not an equivalent allegation. But the Court of Errors held the declaration good, especially after verdict, and reversed the judgment of the Supreme Court. It will be seen, by perusing the arguments of counsel and the opinions of the Chancellor and Senators, that there was never any doubt that the-words, “falsely and fraudulently,” when *250 used to qualify the defendant’s animus, in making the representations, were equivalent to the formal statement of a scienter-.
But besides, this case was tried without allusion to the pleadings, and if the complaint was defective in the particular referred to, no objection could be now taken for that cause, the defect not having been brought to the attention of the Supreme Court.
If this were an action on a warranty of the contents of the farm, no doubt the plaintiff ought to have been nonsuited for the reasons urged by the defendant’s counsel; for, not only were all the prior stipulations merged in the written contract, and in the deed, but there was no contract proved, oral' or written, as to the quantity of land in the farm. What was said by the defendant was of the character of representations, for the good faith of which he was responsible, though they did not constitute terms of a contract. But the evidence on the part of the plaintiff was quite sufficient to make out a case of fraud for the consideration of the jury. That which was produced by the defendant, though well worth considering, was not of a character to raise a question of law, which would enable the court to take upon itself the disposition of the case.
There remains two rather sharp exceptions to be considered. It is very clear that the plaintiff could not rely upon representations made to him by the defendant after the land had been conveyed, to make out the gravamen of the action. If there was not, prior to that time, any contract as to the quantity of the land, as we have seen there was not, nor any representations of the defendant upon that subject, the plaintiff was without remedy. But in such an action as this, the defendant’s intentions were in issue. He must have made the representations with a view to deceive the plaintiff, and to induce him to take the premises at the price mentioned, under the belief that they contained the quantity of ninety acres; What was said at Judge Bailey’s house was at the interview when the deed was put into the plaintiff’s hand. He declared he had not examined it. It is possible, though not clear, that if the defendant had refused to give the assurance which he did give, *251 that the transfer was so far consummated that the plaintiff could not recede. But that would not be the natural understanding of parties situated as the plaintiff and defendant were. The plaintiff’s question evinced solicitude about the quantity of land, and his remark that he had had no opportunity to examine the conveyance carried the idea that he considered that he could return it, if the defendant should fail fully to satisfy him upon that point. The defendant, if he made the answers attributed to him, acted as one would be expected to act, who had, before that time, represented the land to contain the larger quantity mentioned, and was desirous of consummating the bargain without any demur on the part of the purchaser. Besides, the delivery of a conveyance is an act in pais, to be proved by witnesses. It does not certainly follow that the deed was delivered, because the plaintiff had taken it into his hands. If, for instance, he took it to read or examine, to ascertain whether it was correct, and was led to forego such reading or examination by the positive assurance of the defendant that it conformed to the verbal representations as to the number of acres, the delivery was not complete until after that explanation had been made, and the delivery acquiesced in. It is quite probable, from the circumstances proved, that this was the true state of the case. The defendant was entitled to an instruction, to the effect that any representations made by the defendant after the delivery of the deed, could not be taken into account to prove the main point of the issue, if such an. instruction had been asked for.. But I am of opinion that the evidence objected to was strictly competent.
As to the exception to the refusal to charge: I think the judge had substantially stated that the sale was one in gross, and not by the acre. There was certainly no evidence that it was of the latter character, that is, that it was sold for a specific sum per acre. It was sold for a certain amount, in other laud, and in securities for money, for the whole, and that was the substance of the judge’s remarks on that point. But the point itself was not material. There was not, confessedly, any guaranty as to the number of acres, and if the parties, in agree *252 ing upon the aggregate consideration, understood the land as containing a certain number of acres, as was proved to have been the case, the rule of damages would have been the same as though no such estimate had been made. Upon the whole I do not see that the judge’s opinion, one way or the other, upon the point on which the instructions were asked, could have influenced the verdict in any way. Moreover it was not a question of law, but a matter of fact, depending upon the evidence which was before the jury.
I think the judgment ought to be affirmed.
All the judges concurring,
Judgment affirmed.