Moore v. Harmon.

No. 17,559.

# MOORE v. HARMON.

142 555
145 423

142 555
165 509

142 555
167 169

CONTRACT.—*Fraud Arising Out of Negotiations Leading Up To.— Merger.—Evidence.*—Fraud arising out of negotiations leading to the execution of a written contract is not merged therein, and evidence to prove the same is admissible, although it may vary, add to, or contradict its terms.

FRAUD.—*Real Estate.—Description.—Number of Acres (" More or Less").—Sale.*—The qualification of a description in a land contract as to the number of acres sold by the words "more or less," does not preclude the purchaser from recovering for fraud of the vendor in representing that the tract contained the number of acres specified.

PLEADING.— *Complaint.— Defect of Parties Plaintiff.— Waiver.— Plea in Abatement.*—A defect of parties plaintiff not apparent on the face of the complaint is waived, unless advantage is taken thereof by a plea in abatement.

SAME.—*Plea in Abatement, in Bar.—Verification.—Practice.*—An answer in abatement must be verified, and precede an answer in bar, and cannot be pleaded therewith, and the issues thereon must be tried first and separately.

SAME.—*Agreement that All Defenses Shall Be Competent Under General Denial.—Plea in Abatement.—Practice.—Defect of Parties Plaintiff.*—An agreement by the parties that the defendant may have all competent defenses under a general denial does not dispense with the necessity for a plea in abatement to make a defect of parties plaintiff not appearing on the face of the complaint available, as it will be construed to embrace only such defenses as are competent in bar, especially as under the code pleas in abatement cannot be joined with those in bar.

From the Howard Circuit Court.

*S. E. Urmston* and *H. Warrum,* for appellant.

*J. M. Fippen* and *J. M. Purvis,* for appellee.

JORDAN, J.—Appellee commenced this action in the Tipton Circuit Court to recover a money judgment against the appellant for the sum of $868.00, and to

enforce a vendor's lien upon certain described lands in Tipton county, Indiana, alleged to have been sold and conveyed by the former to the latter. The complaint is in three paragraphs.

The first is based upon the alleged facts that the land was sold to appellant for the price of $7,200; that a certain named sum of the purchase-price had been paid, leaving a portion thereof due and unpaid.

The second alleges the sale, etc., and avers that the appellee accepted as part payment for the land sold by him a certain described tract of real estate in Greene county, Indiana, which was represented by appellant to contain one hundred and fifty-six (156) acres, when in truth and in fact, it was short some twenty-three (23) acres and over, and judgment is demanded for the alleged value of this deficiency and that a vendor's lien be declared.

The third is based upon the alleged fraud of the appellant, arising out of misrepresentations as to the number of acres in the Greene county tract. Issues were finally joined between the parties by a general denial and agreement: "That the defendant be permitted to have all competent defenses under the general denial."

Upon a change of venue the cause was tried in the Howard Circuit Court and a special verdict returned by the jury, and over a motion by appellant for judgment thereon in his favor and also his motion for a new trial, the court, upon the special finding of facts set forth in the verdict, adjudged the law to be with the appellee and rendered judgment accordingly for $743.56 and decreed a lien as prayed for by appellee.

The only questions argued by appellant's counsel are those said to arise out of the third and fourth errors assigned.

The third is that "the court erred in overruling the

motion by appellant.for judgment on the special verdict."

The fourth error is based upon the action of the court in overruling the motion for a new trial.

The sole reasons presented and argued by the learned counsel for appellant, under the third assignment, are that appellant was entitled to a judgment on the verdict, because from the facts therein, it appeared that the Greene county land, which was a part of the considera-tion for the Tipton county tract owned by appellee at the time of the sale, was conveyed by appellant to appellee and wife, and it is insisted that therefore she had an interest in the subject of the action, and should have been joined as a co-plaintiff, as provided by section 262, R. S. 1881, and section 263, R. S. 1894.

We cannot consider this question as here presented, for the reason that it could not properly arise upon the motion for judgment in appellant's favor upon the special findings of the jury.

If Mary E. Harmon, wife of appellee, were a necessary party-plaintiff in the action as contended by appellant —a point which we do not decide—the omission to make her a party-plaintiff or defendant would result in a defect of parties ; and if the fact that she was a necessary party by reason of her interest in the action and the relief sought to be obtained thereby, was not apparent upon the face of the complaint, then appellant would be com-pelled to interpose his objections by way of a plea in abatement, otherwise they would be deemed to be waived. *Bledsoe* v. *Irvin,* 35 Ind. 293 ; *Cleveland* v. *Vajen,* 76 Ind. 146 ; *Atkinson* v. *Mott,* 102 Ind. 431 ; *Talmage* v. *Bierhause,* 103 Ind. 270 ; *State, ex rel.,* v. *Ruhlman,* 111 Ind. 17.

An answer in abatement must be verified and precede an answer in bar, and cannot be pleaded therewith, and

the issue thereon must be tried first and separately. Section 365, R. S. 1881, section 368, R. S. 1894; *Watts* v. *Sweeney*, 127 Ind. 116.

It cannot be held that under the agreement mentioned, appellant might avail himself of the objections in question, as that agreement must be construed to embrace only such defenses as were competent in bar of the action; especially must this be so, for as we have seen, pleas in abatement are forbidden by the code to be joined with those in bar. It follows, therefore, that the question upon the point involved was not properly raised upon the motion for judgment on the verdict, and the court did not err in overruling the same.

Appellant strenuously insists that the court erred in overruling the motion for a new trial for the reason that the special finding of the jury is not sustained by the evidence.

We have carefully examined the evidence, and while it is true that there is a conflict therein to the extent that certain material facts are testified to by some witnesses and denied by others, nevertheless there is evidence sustaining the judgment, which the jury and trial court apparently considered credible.

The point is raised by appellant that, as the written contract for the sale, or exchange, of the lands contained the words "one hundred and fifty-six acres, more or less," referring to the Greene county land, therefore, the clause "more or less" was controlling as to the quantity of the land. But appellee testified upon the trial in the court below, that his attention was not called to this clause when he signed the contract, and that he was relying upon the express representations of appellant, to the effect that the tract contained one hundred and fifty-six acres. Where it appears by words of qualification, as "more or less," that the statement of the

number of acres is a mere matter of description, and not of the essence of the contract, the buyer assumes the risk of the quantity, provided that there is no intermixture of fraud. *Tyler* v. *Anderson*, 106 Ind. 185, and authorities there cited.

The evidence, however, shows, and the jury so found, in effect, that the appellee was induced to enter into, and execute this contract for the sale of the land in question, through and by the fraudulent representations of appellant, leading up to said contract, consequently the clause "more or less" therein, under the facts, is not alone controlling, but it was a question for the jury, under all the circumstances and facts in the case, to determine whether or no the appellee assumed the risk as to the quantity of land in the Greene county tract. Fraud, arising out of the negotiations leading up to the execution of a written contract, is not merged therein; and when fraud is the issue, evidence tending to prove the same is admissible, although it may vary, add to, or contradict the terms of the written contract. The doctrine, therefore, of merger of all antecedent negotiations and representations, in such cases, has no application. *Johnson* v. *Miln*, 14 Wend. 195; *Hines* v. *Driver*, 72 Ind. 125, and authorities there cited; *Tyler* v. *Anderson, supra.*

Finding no available error, the judgment is affirmed.

Filed October 17, 1895; petition for rehearing overruled November 20, 1895.