## THE SHERIDAN GAS, OIL AND COAL COMPANY
## v. PEARSON.

[No. 2,289.    Filed February 4, 1898.]

HUSBAND AND WIFE.—*Tenants by Entireties.—Action for Damages.—Parties.—Natural Gas Explosion.*—A husband may maintain an action for damages to a storeroom of which he held possession, caused by a natural gas explosion, without joining his wife, where the premises were held by him and his wife as tenants by entireties. *pp. 253-255.*

ABATEMENT AND REVIVAL.—*Parties.*—A defect of parties plaintiff, such defect not being apparent on the face of the complaint, can be assailed only by a plea in abatement. *p. 255.*

From the Hamilton Circuit Court.    *Affirmed.*

*Shirts & Kilbourne* and *Griffin, Griffin & Griffin,* for appellant.

*Fertig & Alexander* and *Gavin, Coffin & Davis,* for appellee.

COMSTOCK, J.—This action was brought by appellee against appellant to recover damages to appellee's storeroom and goods therein, in the town of Sheridan, this State, occasioned by an explosion of natural gas.

The defendant (appellant) answered by general denial.    There was a trial by jury and a special verdict returned.    Upon this verdict on motion of appellee judgment was rendered for $436.    Appellant's motion for a new trial was overruled, and thereupon appellant moved to modify the judgment, which motion was overruled.

The errors assigned are, (1), error in overruling demurrer to complaint; (2), error in sustaining motion

The Sheridan Gas, Oil and Coal Company. *v.* Pearson.

for judgment in favor of appellee on special verdict; (3), error in overruling motion for new trial; (4), error in overruling motion to modify the judgment.

The only questions discussed under the assignments (and under the rules all others are waived), are, (1) "Can the husband alone maintain an action for damages to real estate held by him and his wife as tenants by entireties?" (2) "Did the court err in overruling the motion to modify the judgment?"

The action was to recover damages sustained by appellee, a merchant, engaged in a retail business, for injury done to the storeroom and stock of general merchandise therein owned by him.

In the course of the trial it appeared from the evidence for the first time at the beginning of the cross-examination of plaintiff, that the title to the real estate was held by him and his wife as tenants by entireties. Thereupon appellant moved to strike out all the testimony of the plaintiff relating to damages to the wood-work and wall paper on the building, the damage to the building, and the depreciation of the rental value of the room for four months, which motion the court overruled. The verdict showed that the jury assessed as separate items of damages, amounts upon the building and wall paper, $25.00; upon the rental value, $36.00; upon the building, $125.00.

At the proper time appellant also moved the court to modify the judgment so as to exclude therefrom the amounts assessed upon the foregoing items. This motion was also overruled. To these rulings appellant duly reserved exceptions.

The complaint alleges that the plaintiff was at the time of the explosion the owner of a storeroom in the town of Sheridan and stock of general merchandise, etc., which he held for sale at retail in said storeroom, etc.

The action was personal, to recover damages sustained by appellee for injury to said storeroom and stock of merchandise. The plaintiff had the right to recover damages to the storeroom, although the title to the realty was in himself and wife as tenants by entireties. In *Fairchild* v. *Chastelleux*, 1 Pa. St. 176, 44 Am. Dec. 117, it is held that when husband and wife own real estate as tenants by entireties, the husband, without joining his wife, may sustain an action for damages to the real estate, the court using the following language: "But when the title does not come in question, and the action is merely personal, and seeks a compensation in damages for an injury done to the husband's interest in the wife's estate during the marriage, then it is in his election whether he will join his wife in the action or not." In *Washburn* v. *Case*, 1 Wash. Ter. 253, plaintiff brought suit for damages done his crops by the cattle of defendant. Upon the trial, it being disclosed that a third party had an interest in the crops, the court summarily dismissed the action because of the non-joinder of said third party. It was held that the trial court erred in so doing; that the interest of the part owner might be consistent with the right of plaintiff to recover for the trespass and at most could only operate as a partial failure of proof.

In *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236, the Supreme Court cites the case of *Cutts* v. *Spring*, 15 Mass. 135, which was an action of trespass *quare clausum fregit* brought by plaintiff against defendant for cutting timber upon his land. The plaintiff was in possession of the land but the title thereto was in the state. After quoting from the decision, our Supreme Court said:

"The principle settled by these and other decisions is, that one having the possession of property may

The Sheridan Gas, Oil and Coal Company *v.* Pearson.

maintain an action against a wrongdoer for an injury thereto, which cannot be defeated by showing the title to be in some one else than the plaintiff." See, also, 1 Bishop on Married Women (1873) 623; Dicey on Parties to Action, rule 87.

It is clear from these authorities that appellee had the right to recover for damages to the storeroom of which he was in possession, engaged in business, whether the title to the real estate was in himself or in himself and his wife as tenants by entireties. But even if the wife should have been joined as plaintiff, the position of appellant is not tenable because the failure so to join her would only give rise to a plea in abatement, the defect not being apparent on the face of the complaint. This plea not having been interposed, the objection is deemed to have been waived. Dicey on Parties to Action, rule 117; *Moore* v. *Harmon*, 142 Ind. 557, and authorities there cited.

The court did not err in overruling the motion to modify the judgment. The appellant does not claim that the separate amounts assessed for damages to the realty are excessive, but that appellee was not entitled to any damages on that account.

Having held that he had the right of action without joining his wife, it follows that the motion was properly overruled. We find no error for which the judgment should be reversed. The judgment is affirmed.