## MARKER v. OUTCAULT ADVERTISING COMPANY.

[No. 9,722. Filed February 13, 1919.]

1. CONTRACTS.—*Written Contracts.—Parol Evidence.—Antecedent Fraud.—Merger.*—The doctrine that all antecedent negotiations .and representations are merged in a written contract has no application where the contract is induced by fraud, and parol evidence to prove fraud in such a case is admissible, even though it may vary, add to, or contradict the terms of the written instrument. p. 347.

2. APPEAL.—*Review.—Finding.—Conclusiveness.*—Where there is some evidence to support the judgment, it will not be disturbed on appeal. p. 347.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by the Outcault Advertising Company against Ernest K. Marker. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. J. Shelby* and *W. J. Darnall,* for appellant. *Charles D. Orear,* for appellee.

REMY, J.—On September 15, 1915, appellant signed and delivered to appellee's agent the following written order.

"To Outcault Advertising Co.,
　　508 S. Dearborn St., Chicago, Ill.
"Ship me, at my expense, as per samples shown, your Little Trained Nurse 'Ad' Service to cover a period of one year, beginning Oct. 1, 1915. This service to consist of:
　　52 Little Trained Nurse cuts and copy
　　1 Box of type.
I agree to pay you net cash monthly, at the rate of $2.10 per week, for one year, I to have exclusive right to use the above Little Trained Nurse 'Ad' Service in our city only, and to hold type and cuts subject to your order when this contract expires. Failure to pay any installment when due renders full amount of this contract due. This contract cannot be cancelled. Ship all at one time if possible. All promises and agreements are stated herein; verbal agreements with salesman not authorized."

This order was received by appellee at its office in Chicago on September 16, 1915, on which day a letter of acceptance was mailed to appellant. On September 17, 1915, appellee received from appellant a communication asking that appellee cancel the order because appellant was going out of business, and refer-

ring to the order as having been given "conditionally." Appellee, refusing to cancel as requested, shipped the material ordered, but appellant refused to make payment therefor, and this action was begun by appellee. The complaint is based on the contract, and, in substance, sets out the above facts. In a special answer, appellant admitted that he signed the order, but alleged that he was induced to sign the same by the fraudulent representations of appellee's agent, in this: That said agent falsely represented that he had already arranged with a local newspaper to carry the advertising matter, if ordered, at a reduced rate, and at a total cost to appellant of but $2.10 per week; and also falsely represented that a certain other merchant of appellant's town, with whom appellant had an advertising arrangement, had agreed to order from appellee similar advertising matter, and that such other merchant would sign the order on the agent's return, that day, to his place of business; and that these representations were relied on by appellant when he signed the order. It is further alleged that these representations were false, and that, on learning of their falsity, appellant wrote appellee that he would cancel the order. A demurrer to this answer was overruled, and a reply in general denial closed the issues. A trial by the court resulted in a judgment for appellee. Appellant's motion for a new trial was overruled, and an exception to this ruling, which is properly assigned as error, presents the only question on appeal.

The reasons for a new trial which are presented by appellant are that the decision of the court is contrary to law and is not sustained by sufficient evidence.

At the trial the averments of the complaint were proved substantially as alleged; and appellant, as a witness in his own behalf, testified to the alleged fraudulent representations set forth in his affirmative answer. The agent of appellee, who solicited the order, was not produced as a witness to contradict appellant's testimony. However, appellant, on cross-examination, admitted writing to appellee after signing the order, asking that the same be canceled, for the reason that he was "arranging to go out of business," in which letter he said nothing about the alleged fraudulent representations.

The doctrine of merger in a written contract of all antecedent negotiations and representations finds exception in the rule that, when fraud inducing 1. such contract is the issue, oral testimony tending to prove such issue is admissible, even though it may vary, add to, or contradict the terms of the written instrument. *Moore* v. *Harmon* (1895), 142 Ind. 555, 41 N. E. 599. It was on this exception that the defense in this cause was based, and appellant complains that the trial court refused to recognize the above rule, and urges that its decision is therefore contrary to law and not sustained by sufficient evidence. On the contrary, the record shows that by overruling appellee's demurrer to the special answer, and by permitting appellant and other witnesses to testify as to the alleged fraudulent representations, the court did recognize appellant's theory.

The issue of fraud inducing the execution of the contract in question was presented to the trial 2. court, and, there being some evidence to support the judgment, the same will not be disturbed on appeal.

Judgment affirmed.