PEOPLES CO-OPERATIVE STATE BANK OF HAMMOND *v.* CZARNOMAZ.

[No. 14,271.   Filed June 20, 1931.   Rehearing denied August 13, 1931.]

*Sevald & Sevald,* for appellant.

*Ridlebach Brothers & Spangler* and *Jenkines, Parker & Brown,* for appellee.

LOCKYEAR, J.—This is an action for intermeddling with the assets of the estate of Majk Nakonaczny and for a penalty prescribed by statutes, brought by the Peoples Co-Operative State Bank of Hammond, Indiana, administrator of the estate of Majk Nakoneczny, deceased, against Wasyl Czarnomaz, under §3317 Burns 1926.

On December 30, 1929, appellee filed his amended plea in abatement in said cause of action, and thereafter appellant presented his demurrer to said plea, which demurrer was overruled by the court after the same had been fully presented and duly considered by the court;

thereupon, the court entered judgment that the appellant take nothing by reason of its complaint, and that said action abate by reason and on account of lack or want of jurisdiction of the court over the person of the appellee. This ruling of the court is assigned as error. The plea in abatement alleges: "The defendant herein, Wasyl Czarnomaz, hereby enters his special appearance herein, and for and by way of plea to jurisdiction over the person of the appellee alleges and says: That, at the time the above entitled action was commenced and continuously ever since, and at the present time, appellee was not a resident of said Lake County, Indiana, but at the time of the beginning of said suit and ever since said time appellee has been and still is a resident of Pulaski County, State of Indiana."

The statute authorizing an action for intermeddling is in these words: "Every person who shall unlawfully intermeddle with any of the property of a decedent shall be liable in an action therefor in any court of competent jurisdiction." §3317 Burns 1926, Acts 1881 (Spec. Sess.) p. 423.

At the same session, the Legislature provided that: "In all other cases, the action shall be commenced in the county where the defendants, or one of them, has his usual place of residence." Acts 1881 (Spec. Sess.) ch. 38, §35, p. 245, §329 Burns 1926.

An examination of the statute will show that this is a personal action and is governed by §329 Burns 1926, *supra,* and it has been held by the Supreme Court of this state that a personal action against a resident of this state must be brought in the county where he resides. *Freeman* v. *Robinson* (1855), 7 Ind. 321; *McCauley* v. *Murdock* (1884), 97 Ind. 229.

The court did not err in overruling appellant's demurrer to the plea in abatement.

Judgment affirmed.