### BROWN *v.* BOARD OF CHILDREN'S GUARDIANS OF HAMILTON COUNTY.

[No. 15,629. Filed October 13, 1937.]

*Fred E. Hines,* for appellant.

*Roscoe R. Foland,* for appellee.

KIME, J.—The appellee filed a complaint naming appellant as the defendant, seeking to have the seven minor children of said appellant declared to be dependent and neglected children and asking that their care, custody and control be awarded to the appellee. Summons thereon was issued for the appellant to the sheriff of Bartholomew County and no return was made thereon, following which an alias summons was issued to the sheriff of Marion County, Indiana, who served the same on the appellant, commanding her to appear in the Circuit Court of Hamilton County on May 28, 1935. She did so appear and on that date filed her verified plea in abatement which alleged that she was not at the time the action was commenced nor at any time since and was not at the time of the presentment of the plea in abatement a resident of Hamilton County, nor was she domiciled nor were any of her children residents of or domiciled in that county; that she was, at the time of the commencement of the suit, a resident of and domiciled in another county in the State of Indiana and that by reason of such facts the court had no jurisdiction of the subject-matter of the action or of the person of the appellant nor of her children. The record shows that this plea was "overruled" by the court without any hearing, to which ruling the appellant reserved an exception.

Immediately thereafter the cause was tried by the court without the intervention of a jury and without any plea of any nature, aside from the one above mentioned, having been filed by the appellant.

This trial resulted in a finding and judgment in favor of the appellee to the effect that the children of appellant were dependent and neglected and that the care, custody and control be awarded to the appellee.

A motion for new trial assigning twenty-three

grounds therefor was overruled and this appeal was perfected, assigning as error the overruling of the appellant's plea questioning the jurisdiction of the court and the overruling of the motion for new trial, two grounds among the twenty-three being that the judgment was not sustained by sufficient evidence and that it was contrary to law.

The appellee has failed to file a brief herein, which only necessitates prima facie reversible error being shown, however, this opinion need not be held to such narrow grounds as the trial court has committed reversible error in refusing to hear the plea to the jurisdiction. The statute provides that actions must be commenced in the county wherein the defendant resides. Acts 1881 (Spec. Sess.) ch. 38, §35, p. 240, §2-707 Burns 1933, §81 Baldwin's 1934. Where an action is not commenced in the proper county the question must be raised by plea in abatement. *McCauley et al.* v. *Murdock et al.* (1884), 97 Ind. 229; *The Sheridan Gas, Oil and Coal Co.* v. *Pearson* (1898), 19 Ind. App. 252, 49 N. E. 357; *Carmichael et al.* v. *Arms* (1912), 51 Ind. App. 689, 100 N. E. 302.

The statute also provides that an answer in abatement must precede an answer in bar and the issues thereon must be tried first and separately. Acts 1881 (Spec. Sess.) ch. 38, §116, p. 240, §2-1034 Burns 1933, §138 Baldwin's 1934. See also *Pittsburgh* v. *Stephens* (1927), 86 Ind. App. 251, 157 N. E. 58; *Moore* v. *Harmon* (1895), 142 Ind. 555, 41 N. E. 599; *Carmien* v. *Cornell* (1897), 148 Ind. 83, 47 N. E. 216; *Western Union* v. *State ex rel. Hammond Elevator Co.* (1905), 165 Ind. 492, 76 N. E. 100; *Moore et al.* v. *Morris* (1895), 142 Ind. 354, 41 N. E. 796; *The Eel River R. R. Co. et al.* v. *State ex rel. Kistler* (1896), 143 Ind. 231, 42 N. E. 617; *Peoples Co-operative State Bank of Ham-*

*mond* v. *Czarnomaz* (1931), 93 Ind. App. 95, 176 N. E. 631.

Here the plea in abatement was based on the fact that the trial court did not have jurisdiction of the person of the appellant. The verified plea was that she was not a resident of Hamilton County at the time nor had she been since the time of the commencement of the action and alleged that her residence was in another county of the state, completely negativing the fact that her residence was in Hamilton County. After the filing of such plea it was incumbent upon the court to hear this and make a determination thereon before entering into the trial of the complaint upon its merits. There was no answer of any kind aside from this plea filed by the appellant. Under such state of facts it is necessary that this judgment be reversed.

The grounds of the motion for new trial that the judgment was not sustained by sufficient evidence and that it was contrary to law need not be discussed since it is altogether probable that under the facts as disclosed herein that the Circuit Court of Hamilton County would not have jurisdiction under this complaint.

Since the trial court was without jurisdiction to enter a judgment on the merits without first trying the issue tendered on the plea in abatement the judgment ■ entered here is invalid. The trial court is, therefore, directed to expunge such alleged judgment from the records of the court and is further ordered to try the plea in abatement and make such ruling thereon as the facts warrant.

Laymon, J. dissents.