COOPERIDER *v*. CLARK ET AL.

[No. 20,140.   Filed March 15, 1965.]

*John H. Baldwin,* of Indianapolis, for appellant.

*J. Gordon Gibbs,* of Danville, and *John P. Price* and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from an action for the appointment of a guardian instituted in the trial court by appellee, Flossie L. Clark, who petitioned the court to appoint a guardian for appellant, Samantha B. Cooperider. The trial court, by default judgment, appointed J. Gordon Gibbs as guardian for Mrs. Cooperider.

The petition was filed in Hendricks Superior Court, alleging in essence that appellant was incapable of managing her affairs by reason of age and physical infirmity and praying that a guardian be appointed. Before the default date as indicated in the summons, appellant appeared specially by her attorney, and filed a plea in abatement. The plea alleged that appellant was not a resident of Hendricks County, but a resident of Marion County before and at the time of filing of the petition and since that time. The plea in abatement further stated that the action should have been instituted in Marion County in accordance with the Acts of 1953, ch. 112, §1907, p. 295 being §8-107, Burns' 1953 Replacement (Probate Code), and there-fore the action should abate.

The trial court did not set a trial date for the plea in abatement; nor were there any pleadings filed by the petitioner-appellee directed to such plea by way of demurrer, answer, or motion to strike. Rather, the trial court, without disposing of the plea in abatement in any manner whatsoever, proceeded on the petition for guardianship, and entered judgment by default. Under color of the authority of the Acts of 1953, ch. 112, §1919, p. 295 being §8-119, Burns' 1953 Replacement, the trial court caused the issues to be

joined by the clerk of the court, after finding that the appellant failed to appear in person or by counsel on the trial date. §8-119, *supra,* provides:

"Upon the filing of the petition as provided in section 1911 [§8-111] in the case of any person alleged to be incompetent for any reason other than his minority, and after notice as provided in section 1914 [§8-114], *such court shall cause said person to be produced in court* and if said petition is not already at issue by answer of such person, shall cause an issue to be made by the clerk of such court denying the facts set forth in such statement; *which issue shall be tried as the issues in civil actions are tried, by the court, or by a jury to be impaneled under the direction of said court, if a jury is requested.* It shall, in such case, be the duty of the prosecuting attorney to appear for the person alleged to be incompetent in such proceeding and by proper defense to protect the interests of such person. *If the court shall be satisfied that such person alleged to be incompetent cannot, without injury to his health, be produced in court, such personal appearance may be dispensed with.* [Acts 1953, ch. 112, §1919, p. 295.]" (our emphasis)

An examination of the record points up the fact that the Hendricks Superior Court proceeded to a determination of the matter of guardianship of the respondent in absentia. It would appear that the trial court determined this matter by entering an order for the appointment of a guardian without any attempt whatsoever to cause the respondent to be brought before the court or without a finding that the respondent's appearance in court would be injurious "to (her) health" even after being on notice that the venue of the Hendricks Superior Court was challenged by her plea in abatement.

Appellant urges that the trial court erred in failing to adjudicate the matters raised in the plea in abate-

ment before proceeding to trial on the merits of the petition. We are compelled to agree with appellant's contention on this point. §8-107, *supra*, provides that:

"(a) The venue for the appointment of a guardian shall be:

(1) in the county in this state where the incompetent resides:..."

There is a further provision for venue in the county where property is located if the incompetent does not reside in the state. The trial court is given some discretion by the provisions of this statute to transfer the cause to another court if such would be in the best interest of the ward and his estate. Nevertheless, as stated in the Model Probate Code comments (§201) with which we agree:

"In most instances it will promote the best interests of the ward if the proceeding takes place in the county of the state where he actually lives."

Although §8-107, *supra*, provides for some discretion to the trial court to transfer the cause if "it would be for the best interest of the ward and his estate," the statute also provides for transfer before termination of the proceedings if commenced in the *wrong* county. Thus, the intendment of §8-107, *supra*, is clear as to the *proper* venue; that is, the county in which the prospective ward resides.

Appellant, the prospective ward herein, questioned the propriety of the venue of the guardianship proceedings in Hendricks County through her attorney, who entered a special appearance and filed a verified plea in abatement. It seems that a plea in abatement is a proper pleading to question the venue in a guardianship proceeding. As stated in *Powers v. Ellis* (1952), 231 Ind. 273, 277, 108 N. E. 2d 132:

"A plea in abatement is one which, without disputing the justice of plaintiff's claim, objects to the *place,* mode or time of asserting it;" (our emphasis)

A plea in abatement has been the proper vehicle in Indiana for many years used for the purpose of questioning whether the action was brought in the wrong county. See *Wilcox et al. v. Moudy* (1882), 82 Ind. 219; *Brown v. Board of Children's Guardians* (1937), 104 Ind. App. 69, 10 N. E. 2d 289. We have not discovered any provision in the Probate Code which denies the right to file such a pleading. We therefore hold that a plea in abatement bringing the question of the venue of the action is a proper pleading in a guardianship proceeding.

The trial court in the instant case was fully aware of appellant's objection to the venue of this action. The finding of the court by default judgment rendered in appellant's absence that appellant was an *"inhabitant"* of Hendricks County did not obviate the necessity of a determination on the plea in abatement, which brought appellant's *residence* in issue. Further, in view of the explicit provision in §8-107, *supra,* to the effect that the venue in a case such as this shall be in the county where the alleged incompetent *resides,* it is mandatory that the trial court determine whether venue of the proceedings is proper under plea in abatement procedures when such question is properly raised by such plea in abatement. Therefore, since a plea in abatement was before the court, ". . . it was incumbent upon the court to hear this and make a determination thereon before entering into the trial of the complaint upon its merits". *Brown v. Board of Children's Guardians, supra,* at p. 72.

If the action of the trial court in the case at bar is permitted to stand, it would in effect deprive the ap-

pellant of the right to question the venue of the action at any time prior to a hearing of the application on the merits, for appellant would have waived her plea in abatement had she appeared at the trial and proceeded on the merits. *Jones v. Roshenberger, Admr.* (1924), 82 Ind. App. 97, 100, 144 N. E. 858; 1 Works', *Indiana Practice* (Lowe's Revision), §15.21, p. 600.

Appellee's theory is that ". . . the pleading filed by appellant was nothing more than a denial of *one* of the allegations of the petition . . ." She supports this argument by the fact that the petition must state: ". . . (a) The name, age, residence, and post office address of the incompetent;" Acts of 1953, ch. 112, §1911, p. 295 being §8-111, Burns' 1953 Replacement. She thus surmises that the "plea in abatement" simply brought into issue the residence of the prospective ward which was pleaded in the petition.

We do not agree with appellee's assertion that appellant simply filed an answer to a specific allegation of the petition. Appellant, by her plea, did not question the merits of the petition as to whether a guardian should be appointed. Rather, by objecting to the venue, appellant was merely attempting to suspend the suit for the time being, which is the object of a plea in abatement. *Moore v. Sargent* (1887), 112 Ind. 484, 487, 14 N. E. 466; Flanagan, *Indiana Pleading and Procedure*, §109, p. 166-167.

Therefore, we hold that the plea in abatement should have been adjudicated by the trial court, and the failure to do so is reversible error.

This cause is remanded to the trial court with instructions to vacate the order of the appointment of a guardian and proceed to determine the issue of residence as raised by the respondent's plea in abatement.

Judgment reversed.

Faulconer, C. J., Bierly, P. J., Carson, Martin, Prime, and Smith, JJ., Concur.

Mote, J., Concurs in Result.

NOTE.—Reported in 205 N. E. 2d 160.