ISAAC TAUB, APPELLANT, v. SAMUEL SHAMPANIER, RESPONDENT.

Argued December 18, 1920—Decided January 20, 1921.

1. A right of action exists in favor of him who honestly performs a service upon the apparent authority of the one who not only employs him, but who accepts the benefits of his work and labor.
2. It is no defence to an action by a broker for commissions on the sale of real estate, that the person who signed the agreement for commissions was not the owner of the *locus in quo*, but that he and his wife were seized thereof as tenants by the entirety.

---

On appeal from the Paterson District Court.

Before Justice MINTURN by consent.

For the appellant, *Nathan Rabinowitz*.

For the respondent, *Sam Mendelsohn*.

The opinion of the court was delivered by

MINTURN, J.    The defendant, representing himself as owner of the premises in question, employed the plaintiff as a real estate broker to sell the premises, upon a basis of compensation of two and one-half per cent. commission upon the purchase price. This verbal understanding was within three days thereafter verified by a letter written by plaintiff to defendant.

The defendant subsequently sold the premises to a purchaser procured by the plaintiff, and failing to receive the agreed compensation the plaintiff brought suit and recovered the amount due in the District Court. The defence interposed was that defendant, under the tenth section of the statute of frauds, as amended in 1918 (*Pamph. L., p.* 1020), was not the owner of the *locus in quo,* but that the defendant and his wife were seized thereof as tenants by the entirety, and that defendant could not therefore legally execute the agreement as owner within the contemplation of the statute requiring the signature of the owner. The defendant's possession of the premises as tenant by the entirety vested in him a claim of ownership which contained within itself the possibility of absolute ownership in fee, dependent upon the predecease of his wife. Such an estate at common law was held *per tout* in contradistinction to an estate in joint tenancy, which was held *per mi et per tout,* and to an estate in common, which was held *per mi et non per tout.* It was assimilated to a joint tenancy, the differentiating feature consisting in the fact that to the joint tenancy was superadded only the *jus accrescendi* of the civil law, or the right of survivorship of the common law. Estates by the entirety were anomalous, and existed at common law only upon the theory of the common law policy, of the identity of husband and wife; and, therefore, it has been the legal theory, as declared by Chancellor Kent, that by reason of the unity of husband and wife such estates are not strictly joint tenancies, but conveyances to one person, since they are both seized of the entirety, and the survivor takes the whole. 4 *Kent Com.* 362, and cases.

The distinctive feature of this estate was the unity of person of the grantee, the individuality of the wife being merged in legal conception in that of her husband. 13 *R. C. L.* 121, and cases cited.

In consonance with this legal status it has been held that a husband may maintain trespass, ejectment or case for an injury to the land so held without joining his wife, by virtue of his estate *jure uxoris*. 13 *R. C. L.* 127, and cases; *West* v. *Aberdeen Railroad*, 140 *N. C.* 620; *S. C.*, 6 *Ann. Cas.* 360; *Fairchild* v. *Chastellux*, 1 *Pa. St.* 176; *Sheridan Gas Co.* v. *Pearson*, 19 *Ind. App.* 252.

So, it is declared, evincing the power of sale vested in the husband: "If the husband conveys the estate, and survived his wife, his conveyance will thereupon become absolute." 21 *Cyc.* 1199, and cases.

This conception of the legal status, fortified by the adjudications in this state and elsewhere, supports the power of the husband to sell, subject to the contingency of the wife's predecease, thereby effectuating a fee-simple estate in the vendee. *Den* v. *Gardner*, 20 *N. J. L.* 556; *Washburn* v. *Burns*, 34 *Id.* 18; *Buttlar* v. *Rosenblath*, 42 *N. J. Eq.* 651; *Barber* v. *Harris*, 15 *Wend.* 615; *Jackson* v. *McConnell*, 19 *Id.* 175.

This legal recognition of the right of the husband to deal with the estate as owner, would seem to warrant his action in the case *sub judice*, and affords in itself a legal basis for the judgment under review.

If further warrant were necessary to validate the judgment, it is afforded by the fact that the defendant dealt with the proposition of sale upon his own authority, without mentioning any other principal, and in the light of the testimony, he is legally chargeable in *assumpsit* as an agent who fails to disclose his principal, even though his own interest in the property were non-existent, or nothing greater in fact than sentimentality, upon the legal theory that *ex aequo et bono* a right of action exists in favor of him who honestly performs a service upon the apparent authority of the one who not only employs him, but who accepts the benefit of his work and

labor. *Sadler* v. *Young,* 78 *N. J. L.* 594; *Feist* v. *Jerola-mon,* 81 *Id.* 437; *Ryer* v. *Winter, Id.* 575; *Kruse* v. *Ferber,* 91 *Id.* 470.

In either aspect of the situation the defendant is liable and the judgment must be affirmed.