J. I. KISLAK, INCORPORATED, A CORPORATION, RESPON-
DENT, v. MATTHEW F. JUDGE, APPELLANT.

Submitted January 29, 1926—Decided May 4, 1926.

A party who, by a valid contract, employs a broker to procure a
    satisfactory purchaser for lands on stated terms, cannot escape
    the payment of the stipulated commission to the broker who has
    accomplished what he was employed to do, upon the ground that
    such party was not the "owner" of such lands, but only a tenant
    by the entirety, and unable to consummate the sale.

---

On appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Herman Krohn.*

For the respondent, *Fallon & Fallon.*

The opinion of the court was delivered by

Parker, J.    This is a broker's suit for commission for procuring a purchaser of real estate for the defendant under written contract.   The property was not conveyed, because it turned out that defendant and his wife were tenants by the entirety, and the latter did not employ the broker and refused to join in the deed, although the defendant himself was satisfied with the purchaser, price and terms, and was willing to convey, but for the reason mentioned could not make title. The simple question, therefore, is whether a broker is to be deprived of the commission agreed upon and earned because it transpires that his employer has not the title contemplated to be conveyed.

In *Murphy* v. *Lewis,* 76 *N. J. L.* 141, it was held in a similar case in this court that the part owner in entirety was not "owner" in the contemplation of the tenth section of the statute of frauds (*Comp. Stat., p.* 2617), and not responsible to the broker.   On the same theory, in *Ryer* v. *Winter,* 77 *Id.* 441, the broker was denied his commission because the employer had no legal interest at all in the premises.   But in *Sadler* v. *Young,* 78 *Id.* 594, in the Court of Errors and Appeals, it was held that the effect of the statute was not to require written contracts of employment in all cases as a prerequisite to the right to a commission, but to negative that right only in the case of an "owner" unless there was a writing; and, consequently, that if A employ B to obtain a purchaser for property of C, and promises B a commission, the tenth section has no application.   Ryer *v.* Winter was expressly disapproved, and later was itself reversed for the reasons stated in Sadler *v.* Young.   *See* 81 *N. J. L.* 575. Since the decision in Sadler *v.* Young, we understand the rule to be that if the employer of the broker is, in fact, "owner," the requirements of section 10 (as later amended, *Pamph. L.* 1911, *p.* 703; *Pamph. L.* 1918, *p.* 1020) must be met in order to entitle the broker to commission; but if the employer is not "owner," the broker who does his work is entitled to his pay, without reference to the statute.   Thus, in *Kruse* v. *Ferber,* 91 *N. J. L.* 470, the defendant's interest was that

of tenant by the curtesy initiate; in *Taub* v. *Shampanier*, 95 *Id.* 349, defendant was tenant by the entirety; in *Klipper* v. *Schlossberg*, 96 *Id.* 397, there were encroachments which vitiated a marketable title. In these cases, and we think others not cited to us, and which we have not taken time to collect, the underlying principle of decision is that of Sadler *v.* Young, that a party who binds himself to pay a commission to a real estate broker for procuring a purchaser for lands of which such party is not the owner is liable to the broker who has done what he was employed to do, irrespective of the statute of frauds.

The judgment will therefore be affirmed.