NATHAN JOFFE, APPELLANT, v. ALEXANDER COHEN, RESPONDENT.

Submitted October 14, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Samuel Morris.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought suit upon a written agreement dated March 22d, 1923, by the terms of which the defendant employed him as the exclusive and sole agent for the sale of certain property in Atlantic City for the period of twelve months from the date of the agreement, and promised to pay him a commission on such sale, "by whomsoever the same may be made or effected." The defendant was not the owner of the property, but had a contract for the purchase thereof. It appeared that some three months after the plaintiff's employment the defendant himself sold all his right, title and interest in the property, and then refused to recognize any liability on his part to pay the plaintiff any commission on such sale. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed from the judgment entered thereon.

The first reason urged for a reversal is that the court erred in refusing to grant a motion for a nonsuit, which was based upon two grounds—*first,* that there was no consideration for the agreement which was the basis of the suit, and *second,* that it was unenforceable under the statute of frauds, because it was not signed by the owner of the property.

The first of these grounds seems to us to be based upon the failure of counsel to appreciate the nature of the contract sued upon. It is one of employment, and the theory that such a contract is invalid unless the employe at the time of its making pays to the employer a consideration therefor is without substance. *Kruse* v. *Ferber,* 91 *N. J. L.* 470. The obligation of the employe is to perform the service for which he is employed, and the employer cannot relieve himself of the obligation imposed upon him under the contract by rendering it impossible of performance by the employe. *Beach* v. *Mullin,* 34 *N. J. L.* 343; *Larkin* v. *Hecksher,* 51 *Id.* 133; *Moore* v. *Central Foundry Co.,* 68 *Id.* 14.

The second ground upon which the motion was rested, viz., that the contract was unenforceable because not signed by the owner of the land, as required by the tenth section of the statute of frauds, is equally untenable. The provision of the

statute is that a real estate broker employed to sell land for or on account of the owner shall not be entitled to any commission for such sale unless his authority to make it is exhibited by a writing signed by the owner or his duly authorized agent. In the case of *Sadler* v. *Young*, 78 *N. J. L.* 594, it was held by the Court of Errors and Appeals that where a real estate broker is employed under a written contract by one who is not the owner of the land which the broker is employed to sell, and the contract is signed by the employer, it is not affected by the statutory provision referred to, and is valid and enforceable against the party signing it.

Next, it is argued that the court erred in admitting over objection a prior contract between the parties, by the terms of which the defendant agreed to pay the plaintiff $1,500 for his services in negotiating the sale of the defendant's interest in this property to one Ellenberg. The ground of the objection was that this contract was irrelevant and immaterial, so far as the issues involved in the controversy were concerned. Assuming this to be the fact, it affords no ground for reversing the judgment under review. It is not suggested by counsel for the appellant, and we are unable to perceive, that its erroneous admission (if it was erroneous) injuriously affected the substantial rights of the defendant; and, unless this appears, section 27 of the Practice act of 1912 (*Pamph. L., p.* 377) is a bar to a reversal upon this ground.

The last ground upon which we are asked to reverse the judgment is based upon the assertion that the trial court improperly refused to charge certain requests, which were based upon the proposition that if the defendant was induced by fraud perpetrated upon him by the plaintiff to enter into the contract which is the basis of the present suit, then the verdict must be for the defendant. Our examination of the instruction to the jury as a whole satisfies us that the matters contained in these requests were charged in effect by the court.

The judgment under review will be affirmed.