MOSES CALABRESE, PLAINTIFF-APPELLEE, v. AARON ADELMAN, DEFENDANT-APPELLANT.

Submitted October 12, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *David Cohn*.

For the appellee, *Abram I. Bluestein*.

PER CURIAM.

This is a broker's suit for commissions claimed to be earned in the procurement of a purchaser for real estate. The only ground of appeal that is properly raised, and indeed the only ground that is argued, is that the court erred in refusing to nonsuit.

There was no written authority for the broker, but it developed in the case that the defendant was not in fact the owner of the property, but that it belonged to his mother; and, hence, the trial judge properly held that the case was not within the tenth section of the statute of frauds. *Sadler* v. *Young,* 78 *N. J. L.* 594; *Feist* v. *Jerolamon,* 81 *Id.* 437.

The only question then that remained in the case was whether the broker had produced a purchaser able and willing to buy on terms satisfactory to the defendant, or who was approved by him. No written contract of sale had been drawn. The defendant had stated the terms as follows: Purchase price $25,000, $500 cash down, $5,000 when title was closed, and existing first mortgage to remain and to be computed as part of the price, and the balance of the purchase price on second mortgage. The duration, rate of interest, and the terms of the second mortgage were not specified and this is urged as important. In view of the facts we do not consider it important. The plaintiff brought to the defendant a man named Girardi, who talked matters over with the defendant and they came to a satisfactory understanding; after which the defendant stated for the first time that he was not the owner, that his mother owned the property and

that he wished to consult her. Defendant tried to communicate with his mother on the telephone but without success. So he turned to the plaintiff and said: "It is perfectly all right. The sale is consummated. Accept the deposit on my behalf from your client. Call here to-morrow morning and we will sign the contract." Thereupon he dismissed the plaintiff and the purchaser, who did come back the next morning and were then told that everything was off because the defendant's mother had sold for a better price.

The argument now is that because it does not appear, first, that the purchaser had been shown to be able and willing to complete his purchase; secondly, that a binding contract had been entered into, or thirdly, at least that the terms had not been agreed on in detail, for one or more of these reasons the plaintiff had not made a case for the jury.

As to the first point it is sufficient to say that the defendant had accepted the purchaser as satisfactory to him, and this has always been held sufficient.

As to the second point it is settled that a written contract is not an essential of such a sale as will entitle the broker to a commission. This also is settled by a long line of cases. The present case is not within the amendment of 1918, and hence it is 'unnecessary to advert to the statutory "actual sale" as used in that act.

The answer to the third point is that if the details were not all agreed upon, this was due to the action of the defendant himself in waiving any consideration of them after he had failed to reach his mother on the telephone. Defendant said, in effect, "never mind about the term of mortgage or about the rate of interest, or the precise terms of it; we can readily agree on all that; pay your $500 to the broker and come back to-morrow morning." The money was paid accordingly, and the affair was not consummated merely because the defendant found his mother had sold to somebody else and as he claimed at a better price.

The case was properly left to the jury, and the judgment will therefore be affirmed.