MYERS BAKER, TRADING AS M. BAKER REALTY COMPANY, PLAINTIFF-RESPONDENT, v. WILLIAM SCHUMACHER AND LILLIE M. SCHUMACHER, DEFENDANTS-APPELLANTS.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the appellants, *William S. Darnell.*

For the respondent, *Lewis Liberman.*

PER CURIAM.

This is an appeal from a judgment of the Camden County Court of Common Pleas entered by direction of Judge Shay after a trial before him and a jury. The suit was by a broker for commissions for the sale of real estate in pursuance of a written contract. The grounds of appeal challenge the

action of the trial court in denying a motion to strike the complaint, in refusing to nonsuit or direct a verdict for defendants, in directing a verdict for plaintiff, and other things, but the only exceptions in the record are to the refusal to strike the complaint and to the direction of a verdict in favor of the plaintiff. No motion for nonsuit or for the direction of a verdict for either defendant was made.

In 1925 the defendant William Schumacher was the owner of property known as 211 Market street, Camden. Under date of September 27th, 1925, the following paper was executed:

"We, the undersigned, do hereby agree to pay to the M. Baker Realty Co., 227 Federal St., Camden, N. J., the sum of two thousands dollars as commission in connection with the sale of property No. 211 Market St., Camden, N. J., for the price of $42,000, and we further authorize and empower any title or trust company making settlement to deduct said amount of $2,000 from any amounts due us.

WILLIAM SCHUMACHER
LILLIE M. SCHUMACHER."

As a result of plaintiff's efforts, one Bernard Citron and appellants signed an agreement of purchase and sale of said property at the agreed price. One thousand dollars was paid on account at the time of signing this agreement. There was never any settlement or transfer of title. Citron says this was due to the failure of the Schumachers to appear at the time and place fixed.

The present suit was instituted for the agreed commission, upon an allegation that the broker had procured a purchaser willing, ready and able to buy at defendants' price.

The motion to strike the complaint was upon two grounds: (1) That Mrs. Schumacher, as a married woman, could not be held to answer for her promise to pay the debt or liability of another in the state of the Married Women's act at the time the agreement was entered into.

A contract of this kind is not a promise to pay the debt of another. It was an undertaking on her own behalf. *Kruse*

v. *Ferber,* 91 *N. J. L.* 470; 103 *Atl. Rep.* 409; *Joffe* v. *Cohen,* 104 *N. J. L.* 209; 141 *Atl. Rep.* 14.

The second ground of the motion to strike was that no cause of action was set out because no settlement of the alleged sale ever took place. In the absence of an express agreement that commission should be contingent upon settlement, the plaintiff's contract was performed when he produced a buyer ready, able and willing to comply with defendants' terms. There is nothing in the agreement which made the commission contingent on settlement and, therefore, plaintiff was entitled to proceed with his proof that he had performed.

With respect to the direction of a verdict, there was no question of fact for determination by the jury. Appellant claims the action of Citron in entering into the agreement to buy was lacking in *bona fides,* but there was no evidence supporting such claim. The contract was valid on its face and the Schumachers could have proceeded against Citron by specific performance or could have sought damages, if he breached the contract. The plaintiff performed his part of the contract, and no legal defense was interposed.

The judgment is affirmed, with costs.