PERTH AMBOY DISTRICT COURT.

CHARLES BLITZER, PLAINTIFF, v. EMMA A. BURNS, DEFENDANT.

Decided December 15, 1937.

MELKO, D. C. J.  Plaintiff sues for commissions due him as a real estate broker on agreement, copy of which is as follows:

"Perth Amboy, N. J., Jan. 26, 1937.

In consideration of One Dollar, the receipt of which is hereby acknowledged—hereby give to "C" Blitzer, Agent, the exclusive authority and agency to sell my property located at 94 Jefferson Street, Perth Amboy, N. J., subject to the following terms and conditions:

Price...$4,000.00.

Cash on delivery of deed $500.00 and $2,700.00 Home Loan mortgage to remain as is and balance to be left and remain as 2nd mortgage at 6%.

I agree to pay "C" Blitzer, Agent, a commission of $175.00 of above price or other sum or terms as accepted for selling the above mentioned property.  This option holds good for 60 days from this day and date.  I will deliver a warranty deed free and clear of all encumbrances.

EMMA A. BURNS.

CHARLES BLITZER."

Although no formal contract of sale was entered into, it appears that plaintiff produced a buyer who was ready, willing and able to purchase the premises in accordance with the aforesaid agreement. On behalf of the defendant it was testified that she did not have title to the premises in question but owned a life estate and that this was known to the plaintiff who denied having such knowledge.

It further appears that a time was fixed for the passing of title, at which time one of the executors refused to sign because of the second mortgage provided for in the contract. It further appeared that although a formal contract was not signed by the buyer, he was represented at the time fixed and he was ready, willing and able to proceed according to the terms of the agreement.

It appears that the title to the premises in question was vested in the estate of James Burns, deceased, and that one of the executors of the estate declined to consummate the agreement as entered into by the defendant.

A party who by a valid contract employs a broker to procure a satisfactory purchase for lands on stated terms, cannot escape the payment of the established commissions to the broker who has accomplished what he has been employed to do upon the ground that such party was not the "owner" but had only a partial or contingent interest therein. *J. I. Kislak, Inc.,* v. *Judge,* 102 *N. J. L.* 506; 133 *Atl. Rep.* 74; *Kruse* v. *Ferber,* 91 *N. J. L.* 470; 103 *Atl. Rep.* 409; Taub v. *Shampainier,* 95 *N. J. L.* 349; 112 *Atl. Rep.* 322.

A written contract for sale of property for which broker procured purchaser is not essential to entitle broker to recover commissions. *Calabrese* v. *Adelman,* 7 *N. J. Mis. R.* 406; 145 *Atl. Rep.* 635.

Judgment is therefore entered for the plaintiff for $175.